**Arturo Andrade REYES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44902.**

Court of Criminal Appeals of Texas.

May 24, 1972.

Robert H. Tippins, San Antonio (On Appeal Only), for appellant.

Ted Butler, Dist. Atty., Arthur Estefan and Antonio G. Cantu, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of unlawful sale of a narcotic drug, to-wit: heroin. Punishment was assessed by the court at ten years.

Officer H. Rangel, of the San Antonio Police Department, testified that he first met appellant in March of 1970, at 143 Henry Street, a location in San Antonio known by the officer as a "narcotic connection". He knew appellant as Arturo Ortiz.

On July 15, 1970, at approximately 7:30 P.M., Officer Rangel purchased heroin from appellant in front of Poncho's Grill on the corner of 21st and Commerce Streets, in San Antonio. The officer paid appellant $3.50 for the heroin.

Officer Rangel testified that after the purchase in question he drove around until approximately 10:30 P.M. when he met his field supervisors, Detectives Harry Carpenter and Manuel Ortiz. The three then performed a field test on the contraband. The test revealed that it was some kind of heroin or opium derivative. Harry Carpenter mailed the contraband to the Department of Public Safety by certified mail. The package was received by George Taft who is a Chemist for the Department of Public Safety. Taft testified that he made spot tests of the contents which showed to be heroin.

Appellant contends: (1) that the trial court erred in not submitting to the jury a

charge requested by him which included a definition of "a quantity of narcotic drug" as "a determinate or measurable amount"; and (2) that the evidence is insufficient to support the jury's verdict because the state did not prove what percentage of the substance sold was composed of heroin.

In Greer v. State, 163 Tex.Cr.R. 377, 292 S.W.2d 122, this court held that a trace of a narcotic, ". . . such as may have been wiped from a needle following an injection . . .," which had been extracted from a small piece of wet cotton, was an insufficient amount to support a conviction for unlawful possession of heroin.

In Pelham v. State, 164 Tex.Cr.R. 226, 298 S.W.2d 171, the reasoning behind the decision in the Greer case was discussed, the court stating that:

"It would be a harsh rule, indeed, that would charge appellant with knowingly possessing that which it required a microscope to identify."

Pelham's conviction for the offense of unlawful possession of marihuana was reversed on the basis that the substance in question could only be identified by microscopic examination.[1]

In a trial for the illegal possession of a narcotic drug, the basic element which the state must prove is that the accused intended to violate the law by knowingly possessing such drug, e. g. Rodriguez v. State, Tex.Cr.App., 372 S.W.2d 541; Fawcett v. State, Tex.Cr.App., 127 S.W.2d 905. Where the evidence shows that the accused knowingly possessed a narcotic drug, Pelham and Greer are inapplicable. See Blaylock v. State, 171 Tex.Cr.R. 665, 352 S.W.2d 727; Robinson v. State, 163 Tex.Cr.R. 499, 293 S.W.2d 781.

The reasoning of Greer and Pelham is likewise inapplicable to prosecutions for the *sale* of a narcotic drug. Where the

[1]. Recently, in Williams v. State, Tex.Cr. App., 476 S.W.2d 300, this court held that it was not error to fail to charge the jury that before it could convict the accused of unlawful possession of marihuana it must find that he possessed a sufficient quantity to be smoked in a cigarette.

375

accused has represented that he is selling a certain narcotic drug and the substance which he sells is found to contain such narcotic drug, knowledge has been shown.

█ Since Pelham and Greer are inapplicable to prosecutions for sale of narcotics, the trial court did not commit error in failing to submit appellant's requested charge to the jury; and the evidence is sufficient to support the conviction.

█ Moreover, the testimony in the instant case shows that Officer Rangel purchased a capsule (approximately one-eighth of an inch in diameter and approximately seven-sixteenths of an inch long) full of a substance which examination revealed contained four hundredths of a gram of heroin. Such is a sufficient amount under Article 725b, Vernon's Ann.P.C. Oltiveros v. State, Tex.Cr.App., 474 S.W.2d 221; Garcia v. State, 170 Tex.Cr.R. 328, 340 S. W.2d 803; Tomlin v. State, 170 Tex.Cr.R. 108, 338 S.W.2d 735.

The fact that Chemist Taft did not ascertain the purity of the heroin does not alter this result. See Aguero v. State, 164 Tex.Cr.R. 265, 298 S.W.2d 822.

There being no reversible error, the judgment is affirmed.