Reynaldo G. CANTU, Appellant,

v.

The STATE of Texas, Appellee.

No. 53842.

Court of Criminal Appeals of Texas.

Feb. 16, 1977.

Fred J. Manning, San Antonio, on appeal only, for appellant.

Ted Butler, Dist. Atty., G. E. Wilcox, E. Dickinson Ryman, Susan D. Reed, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for possession of heroin. Trial was before the court upon a plea of guilty. Punishment was assessed at two years.

Initially appellant contends that the court erred in failing to conduct a pre-trial hearing on his motion to suppress evidence. He argues that the failure to conduct such a hearing left him no alternative but to enter a plea of guilty. Article 28.01, V.A.C.C.P., which authorizes the court to set any criminal case for a pre-trial hearing before it is set for trial upon the merits, is not mandatory upon the court but it is directed to the court's discretion. *Hicks v. State,* 508 S.W.2d 400 (Tex.Cr.App.1974). No error is shown. Further, where a plea of guilty is voluntarily and understandingly made, all non-jurisdictional defects including claimed deprivation of federal due proc-

ess are waived. *Helms v. State,* 484 S.W.2d 925 (Tex.Cr.App.1972).

Next, appellant contends that the evidence is insufficient to support the judgment. He argues that since only a trace of heroin was identified in the chemist's report, the evidence is insufficient as a matter of law. On December 3, 1975, the appellant waived trial by jury and entered a plea of guilty before the court. Before the court accepted the plea he was admonished in accordance with Article 26.13, V.A.C.C.P., and the trial court advised him of his right to a trial by jury and his right of confrontation and cross-examination and his other constitutional rights, and appellant acknowledged to the court that he had executed and understood the written waiver and consent to stipulation of the evidence. The forms used are the same as those described in *Degay v. State,* 455 S.W.2d 205 (Tex.Cr.App.1970). He expressly waived his privilege against self-incrimination and right of confrontation and cross-examination and agreed that the testimony could be stipulated. He admitted the allegations of the indictment were true and correct and added, "I, Reynaldo G. Cantu, confess that in Bexar County, Texas on November 13, 1974, I did then and there knowingly and intentionally possess a controlled substance: Heroin." Such instruments, with various State's exhibits including the investigation report, were introduced into evidence without objection. The investigation report shows that appellant was arrested and the officers seized a cellophane plastic baggie which contained "traces" of brown powder which field tested positive for opium derivatives. The baggie was then mailed to Dallas where the remaining traces of brown powder were tested positive for heroin. The net weight of the drug ingredient, heroin, in the remaining powder was a trace.

■ This alone is sufficient to support a plea of guilty under the provisions of Article 1.15, V.A.C.C.P. *Cervalles v. State,* 513 S.W.2d 865 (Tex.Cr.App.1974); *Milligan v. State,* 478 S.W.2d 552 (Tex.Cr.App.1972).

■ In *Reyes v. State,* 480 S.W.2d 373 (Tex.Cr.App.1972), the Court held that the

court imposed minimum quantity requirement in *Pelham v. State,* 164 Tex.Cr.App. 226, 298 S.W.2d 171 (1957), did not apply to cases where the accused knowingly possessed the narcotic. Neither Section 4.05 of the Controlled Substances Act, which provides that one possessing a usable amount of marihuana commits an offense, nor *Carmouche v. State,* 540 S.W.2d 701 (Tex.Cr.App.1976), nor *Lejeune v. State,* 538 S.W.2d 775 (Tex.Cr.App.1976), has any bearing on this case because we are here dealing with the knowing possession of heroin which is an offense. There is no provision that one must possess a usable amount of heroin. See *Rawls v. State,* 449 S.W.2d 57 (Tex.Cr.App.1969).

He contends that the trial court erred in eliciting from him a confession as to an extraneous offense without first giving him a Miranda warning. The record shows that following acceptance of appellant's plea of guilty the trial court assessed punishment at two years' confinement and deferred sentencing until a pre-sentencing investigation could be completed thereby allowing the court to consider his application for probation. On December 23rd, a hearing was held on his application for probation at which time the court delayed a decision on the issue of probation for four months and he was ordered to attend the Patrician Movement, a drug abuse program.

■ On February 6, 1976, the court took up the matter of Cantu's failure to remain in the Patrician Movement program. Questions by appellant's counsel developed the fact that he had left the program so he could visit his wife and when he returned they would not admit him because he had been smoking marihuana. Appellant's counsel, not the court, elicited this information from him. Appellant cannot be heard to complain of his own testimony brought out by his attorney.

■ He also contends that the court erred in denying probation. His contention is without merit. When the trial is before the court, and a motion for probation is filed, the trial judge has the absolute and

unreviewable discretion either to refuse or to grant probation. *Cisneros v. State*, 501 S.W.2d 907 (Tex.Cr.App.1973); *Saldana v. State*, 493 S.W.2d 778 (Tex.Cr.App.1973).

◼ Lastly, he contends his sentence of two years constituted cruel and unusual punishment. This is without merit. The punishment was at the bottom of the permissible range under the Texas Controlled Substances Act; it is not excessive, cruel or unusual.

No reversible error having been shown, the judgment is affirmed.