Patricia SHULTS, Appellant,

v.

The STATE of Texas, Appellee.

No. 55451.

Court of Criminal Appeals of Texas, Panel No. 1.

Jan. 3, 1979.

Jerrold R. Davidson, Brownsville, for appellant.

Selden N. Snedeker, Dist. Atty. and W. R. McNeil, Asst. Dist. Atty., Brownsville, for the State.

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for the possession of heroin; punishment is imprisonment for five years, probated.

Appellant's only contention is that the evidence is insufficient to sustain the conviction because appellant possessed only a "trace" of heroin. We agree and reverse the judgment.

Appellant had gone to the Cameron County Jail on June 17, 1976, to visit an inmate. A search of appellant by a matron revealed a balloon in the back of appellant's mouth. Subsequent chemical analysis showed that the balloon contained a small amount of marihuana and a trace of heroin.

The case was tried before the court. The only evidence offered as to the amount of the heroin is the following stipulation:

"COMES NOW, counsel for the State, Counsel for the Defendant and the Defendant in open Court and make this their Stipulation:

### I.

"That the white powdery substance inside of the baloon (sic) seized from the defendant herein on the 17th day of June, 1976 by Maria Isabel Garza is a controlled substance, to-wit: Heroin.

### II.

"That Don C. Taylor inverted the baloon (sic), washed the substance and analyzed it, the analysis revealed that it is Heroin.

### III.

"That the substance was not of a quantity sufficient to weigh and is therefore reported to be a 'trace' of Heroin."

 The stipulation reflects that the balloon found in appellant's mouth contained only a trace of heroin so small that it could not be quantitatively measured. When the quantity of a substance possessed is so small that it cannot be quantitatively measured, there must be evidence other than its mere possession to prove that the defendant knew the substance in his possession was a controlled substance. *Daniels v. State*, 574 S.W.2d 127 (Tex.Cr.App., 1978); *Reyes v. State*, 480 S.W.2d 373 (Tex.Cr.App.1972); *Cantu v. State*, 546 S.W.2d 621 (Tex.Cr.App. 1977). See *Greer v. State*, 163 Tex.Cr.R. 377, 292 S.W.2d 122 (1956); *Coleman v. State*, 545 S.W.2d 831 (Tex.Cr.App.1977); *Pelham v. State*, 164 Tex.Cr.R. 226, 298 S.W.2d 171 (1957).

Appellant admitted that she had secreted a small amount of marihuana in the balloon, but denied any knowledge of the heroin. The State proved only that appellant possessed the heroin and did not prove that appellant knowingly did so. Since the State failed to prove an essential element of its case, the evidence is insufficient to sustain the conviction.

The judgment is reversed and the prosecution ordered dismissed.