**Pete Cortinas SAMPAYO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00012–CR.**

Court of Appeals of Texas,
San Antonio.

Nov. 4, 1981.

---

Robert A. Price, IV, San Antonio, for appellant.

Bill White, Dist. Atty., Anton Paul Hajek, III, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CANTU, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a conviction for the offense of Delivery of A Controlled Substance, namely: heroin.

Appellant Pete Cortinas Sampayo was found guilty by a jury for the felony offense of Delivery of Heroin. His punishment was assessed by the trial court at confinement for life in the Texas Department of Corrections.

We will discuss appellant's two grounds of error under the following headings: The Controlled Substance and Punishment.

### The Controlled Substance

Appellant maintains in his first ground of error that the evidence does not support a conviction under the Texas Controlled Substances Act because delivery of an unuseable amount of a controlled substance does not constitute delivery as proscribed by the Act. In support of this argument, appellant contends that the evidence of the amount and potency of the heroin involved was so minute as to raise "extreme doubt" as to whether the contraband was actually useable.

Appellant does not complain of the finding that a delivery of heroin was made by him to an undercover policeman; nevertheless, appellant insists that it is not a violation of the Controlled Substances Act to deliver an unuseable amount of heroin. Thus the issue in the case is whether the Act requires that a useable amount of heroin be delivered before a violation of the Act occurs. We hold that the Act does not make this requirement as applied to the facts of this case.

Donald R. Krueger, an expert witness for the State, testified that as a criminologist he weighed the substance in question and that the gross weight of the substance was .1436 grams. Krueger stated that he performed two thin-layer chromatography tests and one gas liquid chromatography test of the substance; that as a result of those tests he concluded that the percentage of heroin in the substance was 1.3 percent. Appellant argues that this amount of heroin is so minute as to not violate the Controlled Substance Act.

Phillip Jefferson, a San Antonio police officer, testified that he was the person to whom the appellant delivered the heroin. Jefferson stated that the effect of the amount of heroin delivered to him would have on a person would depend upon that person's habit: how much heroin that person might use in one day. Jefferson also noted that, in his opinion, the amount of heroin delivered to him would have no effect on a person who used four or five grams a day. Jefferson qualified that comment by saying such amount would probably give a person a sufficient "high" if that person "shot" half a gram of heroin a day. Appellant concludes from Jefferson's testimony that the potency of the heroin in question did not violate the Controlled Substances Act.

Appellant stresses that the minuteness of the amount and the minuteness of the potency of the amount of heroin make the heroin an unuseable amount. As a consequence, appellant reasons that the conviction for delivery of "admittedly worthless contraband" must be overturned.

Appellant confuses the line of cases dealing with Tex.Rev.Civ.Stat.Ann. art. 4476–15 § 4.05(a) (Vernon 1976), Possession and Delivery of Marijuana, and those cases involving Tex.Rev.Civ.Stat.Ann. art. 4476–15 § 4.03 (Vernon 1976), Unlawful Manufacture or Delivery of Controlled Substances. Section 4.05(a) defines marijuana offenses thusly:

> Except as authorized by this act, a person commits an offense if he *knowingly* or intentionally possesses a *useable quantity* of marijuana. (Emphasis added).

Section 4.03(a) defines the controlled substances offenses as follows:

> Except as authorized by this act, a person commits an offense if he *knowingly* or intentionally manufactures, *delivers* or possesses with intent to manufacture or deliver a controlled substance listed in Penalty Group 1, 2, 3 or 4. (Emphasis added).

Heroin is a Penalty Group 1 substance. Tex.Rev.Civ.Stat.Ann. art. 4476–15 § 4.02(b)(2)(J) (Vernon 1976). There is no language in § 4.03(a) requiring a "useable quantity" in order to constitute an offense. Although "useable quantity" considerations are involved by statutory definition in marijuana cases, there is no similar provision that one must possess a useable amount of heroin to violate the law. *Cantu v. State,* 546 S.W.2d 621, 622 (Tex.Cr.App.1977); Tex.Rev.Civ.Stat.Ann. art. 4476–15 § 4.03(a) (Vernon 1976).

In *Greer v. State,* 163 Tex.Cr.R. 377, 292 S.W.2d 122 (1956) and in *Pelham v. State,* 164 Tex.Cr.R. 226, 298 S.W.2d 171 (1957), the quantity of the controlled substance was very important to the issue of whether the accused knowingly possessed a narcotic drug; however, where the evidence shows that the accused knowingly possessed a narcotic drug, *Greer* and *Pelham* are inapplicable. *Cantu v. State,* 546 S.W.2d at 622; *Reyes v. State,* 480 S.W.2d 373, 374 (Tex.Cr. App.1972). In this case the evidence is undisputed that appellant represented to the undercover police officer that he could deliver heroin. It also is undisputed that the substance appellant delivered to the undercover police officer contained heroin. Knowledge has been shown.

Appellant's first ground of error is overruled.

### Punishment

Appellant contends in his second ground of error that the punishment of life imprisonment assessed against him by the court was unconstitutional. Appellant also maintains that Tex.Rev.Civ.Stat.Ann. art 4476–15 was unconstitutionally applied to him. In support of his arguments, appellant states (1) that the assessment of the punishment violated the Eighth and Fourteenth Amendments, and (2) that the statute was applied in an arbitrary and capricious manner so as to result in an abuse of discretion.

To reiterate, heroin is a Penalty Group 1 controlled substance, the delivery of which constitutes a first degree felony. Tex.Rev.Civ.Stat.Ann. art. 4476–15 § 4.03(b)(1) (Vernon 1976). Section 4.01(b)(1) of the Texas Controlled Substances Act provides a punishment range of life or five-to-ninety-nine years. Thus appellant's life sentence falls within the statutory range. The law is well-settled in Texas that a sentence will not be disturbed if the penalty is within the prescribed limits set by the legislature. *Nunez v. State,* 565 S.W.2d 536, 538 (Tex.Cr.App.1978); *Ransonnette v. State,* 522 S.W.2d 509, 512 (Tex.Cr. App.1975); *Jones v. State,* 504 S.W.2d 906, 907 (Tex.Cr.App.1974).

Punishment within the range prescribed by the applicable statute was proper.[1] We overrule appellant's second ground of error.

Accordingly, the judgment of the trial court is affirmed.

---

1. In this case, the relevant statute and sections are Tex.Rev.Civ.Stat.Ann. art. 4476–15 §§ 4.02(b)(2)(J); 4.03(b)(1); 4.01(b)(1) (Vernon 1976).