**Francisco Federico MENDOZA aka Francisco Ricardo Valladolid, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63516.**

Court of Criminal Appeals of Texas, Panel No. 3.

July 7, 1982.

OPINION

ODOM, Judge.

This is an appeal from a conviction for delivery of Procaine under Art. 4476–14, Sec. 2(a)(2), V.A.C.S.[1] Punishment was assessed at confinement for six years.

Appellant raises three grounds of error on appeal, arguing that: (1) the indictment is fundamentally defective; (2) the evidence is insufficient to support the conviction; and, (3) trial was not commenced in compliance with the Texas Speedy Trial Act. We find these contentions to be without merit and the evidence is discussed as it relates to each ground of error.

■   Appellant first argues the indictment to be defective to allege that the Procaine transferred to the undercover agent was not an "ointment or cream for topical application containing not more than two and one-half percent (2½%) strength." This language is based upon the definition of Procaine as a dangerous drug under Art. 4476–14, Sec. 2(a)(2), V.A.C.S.:

> "Procaine, its salts, derivatives, or compounds or mixtures thereof except ointments and creams for topical application containing not more than two and one-half percent (2½%) strength."

The indictment alleged appellant did "intentionally and knowingly deliver to Paul Weber a dangerous drug, to-wit: Procaine." The indictment is sufficient and it is unnecessary that the allegations negate the exceptions of Sec. 2(a)(2), supra, in light of Sec. 12 under Art. 4476–14. It is therein provided:

> "In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provisions of this Act, it shall not be necessary to negative any exception, excuse, proviso, or exemption confined in this Act, and the burden of proof of any such exception, excuse, proviso, or exemption shall be upon the defendant."

Weldon S. Copeland, Jr., El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Stuart L. Leeds, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, DALLY and McCORMICK, JJ.

1. As effective in 1978 when the offense was committed.

A similar provision exists under the Controlled Substances Act. See Art. 4476–15, Sec. 5.10(a), V.A.C.S. In *Threlkeld v. State*, 558 S.W.2d 472 (Tex.Cr.App.), a similar argument was rejected by this Court in an appeal from a conviction under Sec. 4.04(a) of the Controlled Substances Act. Art. 4476–15, V.A.C.S. Sec. 4.04(a) provides:

"Except as authorized by this Act, a person commits an offense if he knowingly or intentionally possesses a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice."

Although not contending the indictment was fundamentally defective, the defendant in *Threlkeld* argued the motion to quash was erroneously overruled in that the charging instrument failed to allege that the defendant's possession of cocaine was not pursuant to a valid prescription or doctor's order. This Court abided by our consistent holdings that "a special provision as to a particular subject matter controls over general language which might otherwise govern." In so holding, this Court noted that Sec. 5.10(a) of Art. 4476–15 would prevail over the rule set forth in V.T.C.A., Penal Code Sec. 2.02(b) which would otherwise have placed the burden on the prosecution to negate the existence of an exception by proof and allegations in the indictment. See also *Vasquez v. State*, 522 S.W.2d 910 (concurring opinion).

■ Similarly, the failure of an indictment to negate exceptions under the Dangerous Drug Act will not render an indictment defective. Appellant's first ground of error is overruled.

■ It is next contended that the evidence is insufficient "in that the minute particles of Procaine do not constitute Procaine within the meaning of the statute, and further because APPELLANT could

not intentionally possess such a minute quantity of Procaine under the Law," citing *Pelham v. State*, 164 Tex.Cr.R. 226, 298 S.W.2d 171.

The prosecution relied on the testimony of John Rudd to prove the nature and quantity of the substance appellant sold to an undercover narcotics agent. Rudd conducted various tests on the substance, concluding that the powder he received from the officer contained a percentage of Procaine. He was unable to state the precise percentage of Procaine in the powder but did testify it was more than a trace. The drug was delivered to an undercover agent at a cafe in El Paso County. The agent was approached at the bar by appellant, who asked him if he was looking for heroin. The agent responded affirmatively, telling appellant he was interested in a half gram of heroin. After some discussion, appellant produced a red balloon from his mouth and handed it to the agent who then gave appellant twenty-five dollars for the sale.

Appellant argues that it is the small quantity of the drug that renders the evidence insufficient. In *Shults v. State*, 575 S.W.2d 29 (Tex.Cr.App.), this Court noted that when the quantity of a substance is so small that it cannot be quantitatively measured, there must be evidence other than its mere possession to prove that a defendant knew the substance in his possession was a controlled substance. See *Daniels v. State*, 574 S.W.2d 127 (Tex.Cr.App.); *Reyes v. State*, 480 S.W.2d 373 (Tex.Cr.App.); *Cantu v. State*, 546 S.W.2d 621 (Tex.Cr.App.); *Green v. State*, 163 Tex.Cr.R. 377, 292 S.W.2d 122; *Coleman v. State*, 545 S.W.2d 831 (Tex.Cr.App.); *Pelham v. State*, supra. Here, the proof sufficiently establishes knowledge where the evidence shows that appellant initiated the sale of Procaine by soliciting a sale of purported heroin to the undercover agent.[2] The elements of the offense, including knowledge, are supported by the evidence. Accord, *Sampayo v. State*,

---

2. The evidence is not rendered insufficient by appellant's representation that the substance was heroin when in fact it was Procaine. V.T.C.A., Penal Code Sec. 6.04(b)(1).

625 S.W.2d 33 (Ct.App.—San Antonio, 1981).

■ Finally, it is argued that appellant's trial was commenced beyond the limitations of the Speedy Trial Act. See Art. 32A.02, V.A.C.C.P. The Act provides, in pertinent part:

"Sec. 1. A court shall grant a motion to set aside an indictment, information, or complaint *if the state is not ready for trial* within:

"(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony." (Emphasis added.)

It is now well settled that this article addresses itself to prosecutorial delay rather than the judicial process as a whole. In other words, although the actual trial may not commence until after the expiration of the specified day limitation, the issue in applying the Speedy Trial Act is whether the State is ready for trial. The focal point is the preparedness of the prosecution for trial and not the trial court and its docket. *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr. App.). Further, a declaration by the State of its readiness for trial is a prima facie showing of conformity to the Speedy Trial Act and in this case, appellant did not sufficiently rebutt that presumption by demonstrating that the State was not actually ready for trial within the time limitations of the Act. *Barfield v. State,* supra; *Fraire v. State,* 588 S.W.2d 789 (Tex.Cr.App.).

Appellant's grounds of error are overruled and the judgment is affirmed.