**Thomas Leroy HUDSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–81–069–CR.**

Court of Appeals of Texas,
Austin.

Oct. 13, 1982.

Rehearing Denied Nov. 10, 1982.

Discretionary Review Refused
Jan. 26, 1983.

Thomas Giovannitti, San Angelo (re-tained), for appellant.

Royal Hart, Dist. Atty., John B. Hemp-hill, Asst. Dist. Atty., San Angelo, for ap-pellee.

Before SHANNON, POWERS and GAM-MAGE, JJ.

GAMMAGE, Justice.

This is an appeal from a conviction for the offense of possession of a controlled substance, to wit: methamphetamine. Punishment is eight years imprisonment.

Appellant contends that the evidence was insufficient to support the jury's finding beyond a reasonable doubt that appellant possessed, or knowingly possessed, a con-trolled substance, and that the trial court erred in not granting appellant's requested special charge or one similar to it regarding possession of a substance "in an amount unmeasured." We affirm.

Pursuant to a search warrant on May 7, 1981, police officers searched appellant's residence and discovered a small plastic "corner bag" containing a powdery sub-stance measuring .49 grams and later found

by chemical analysis to contain methamphetamine, the exact amount of which was not measured. The "corner bag" was found under an egg in the door of the kitchen refrigerator. Search of a bedroom disclosed within a leather shaving kit two small glass vials containing small amounts of a white powdery substance. Subsequent analysis of the contents of one of the vials showed that it contained a "trace"—apparently less than .01 gram—of methamphetamine. The vials were described in testimony as the type normally used to "package" this and other drugs.

The shaving kit also contained items of a personal nature which appellant later claimed as his own and of which he took possession at the police station. Other documents found at the scene, as well as testimony of witnesses, indicated that appellant was the sole occupant of the residence and exercised possession and control of the premises.

At trial, the court submitted to the jury a charge on circumstantial evidence. Appellant argued that his plea of "not guilty" put in issue the question of knowledge and sought, in addition, to have a special charge submitted to the effect that there must be evidence of knowledge other than mere possession when the amount of the controlled substance involved is so small that it cannot be measured.

Ruling that the charge on circumstantial evidence required the jury to find knowledge and intent, the court refused to submit the special charge.

In *Shultz v. State*, 575 S.W.2d 29 (Tex.Cr. App.1979), relied upon by appellant, a balloon found in the accused's mouth contained a small amount of marijuana and what subsequent analysis showed to be a "trace" of heroin in a quantity insufficient to weigh and obtained for testing only by inverting the balloon and washing the substance from its surface. At trial, a stipulation of these facts was the only evidence presented as to the amount involved. The accused admitted knowledge and possession of the marijuana, but denied any knowledge of the heroin. The court held that, under the circumstances of that case, proof of mere possession was insufficient to prove the accused knew the substance in her possession was a controlled substance. By failing to prove that the accused knowingly possessed the substance, the State failed to prove an essential element of its case and the evidence was insufficient to sustain the conviction.

In the instant case, however, the substance involved was found to be present in two quantities, in separate containers, and in two separate locations within the apartment occupied by appellant. No other controlled substances were involved, nor does appellant assert that these were mixed, intermingled or secondary residual substances of which he was unaware or that the containers were used as vessels for any other substance. The chemist who analyzed both quantities testified that the vial contained enough methamphetamine to "eyeball" and test, but that it was not weighed. He testified further that the substance in the "corner bag" was not tested for impurities, but could have contained "anywhere from a trace to .49 grams," because illicitly manufactured methamphetamine is, in his experience, impure in "most cases."

■ In the absence of direct evidence, the possession of other controlled substances or narcotic paraphernalia may be relied upon as inferential evidence necessary for a jury to find knowledge. *See Daniels v. State*, 574 S.W.2d 127 (Tex.Cr. App.1978).

In *Daniels*, the trial court erred in refusing to instruct the jury on the law of circumstantial evidence. No such error occurred in the instant case.

Facts of the instant case also meet the test set forth in *Sewell v. State*, 578 S.W.2d 131 (Tex.Cr.App.1979) and *Culmore v. State*, 447 S.W.2d 915 (Tex.Cr.App.1969). The circumstances here are adequate to affirmatively link the accused to the contraband in such a manner that a reasonable inference arises that the appellant knew of its existence, and to exclude every other reasonable hypothesis except that of the

guilt of the accused. *See Barnes v. State,* 504 S.W.2d 450 (Tex.Cr.App.1974) and *Brooks v. State,* 529 S.W.2d 535 (Tex.Cr. App.1975).

■ Appellant was present during the search, and testimony and documentary evidence at trial indicated he was in sole possession and control of the premises. Appellant went to the police station to claim his property, the leather shaving kit, in which one of the substances was discovered. According to testimony, the containers in which the substances were discovered are the type of paraphernalia normally used to package this type of drug. These are circumstances within which a jury may find that the accused was in possession of the substance and knew that it was a controlled substance. *See Mendoza v. State,* 583 S.W.2d 396 (Tex.Cr.App.1979) and *Herrera v. State,* 561 S.W.2d 175 (Tex.Cr.App.1978).

In *Sewell, supra,* the accused was not present at the scene where narcotics were found and the State failed to prove by independent facts and circumstances that the accused had knowledge and exercised care, control and management over the controlled substance. *See also Reid v. State,* 474 S.W.2d 702 (Tex.Cr.App.1972). In *Culmore, supra,* the accused was a visitor at the scene and there was no evidence that he had even entered the room where the contraband was found. An odor of marijuana in the room where the accused was seated with others and cigarette papers found on the accused were proof amounting to only a strong suspicion or mere probability, and the court held them insufficient to exclude every other reasonable hypothesis except that of the guilt of the accused.

Both *Reyes v. State,* 480 S.W.2d 373 (Tex. Cr.App.1972) and *Cantu v. State,* 546 S.W.2d 621 (Tex.Cr.App.1977) are distinguishable from the instant case in that in both cases only single amounts of minute quantities of narcotic drugs were involved. In *Reyes,* direct evidence that the accused was purporting to sell the narcotic drug contained in the substance he sold was sufficient to show knowledge. In *Cantu,* the accused confessed knowledge and entered a plea of guilty to possession. Testing showed the substance involved to contain a trace of heroin, and this was sufficient to support a plea of guilty.

■ Refusal by a court to give a requested charge not supported by the evidence is not error. *See Bond v. State,* 171 Tex.Cr.R. 119, 345 S.W.2d 520 (Tex.Cr.App. 1961) and *Guerrero v. State,* 487 S.W.2d 729 (Tex.Cr.App.1972). Under the circumstances of this case, where the State was not relying solely on the mere possession of a single trace, the trial court's charge on circumstantial evidence covered the law of possession sufficiently to apprise the jury of the necessity of finding that the appellant knowingly possessed the controlled substance.

The judgment is affirmed.