**Jimmie Rex WHALEY, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–83–042–CR.**

Court of Appeals of Texas, Fort Worth.

Dec. 7, 1983.

Ward Casey, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and M. Eugene Grant, Asst. Dist. Atty., Fort Worth, for the State.

Before JORDAN, ASHWORTH and BURDOCK, JJ.

## OPINION ON MOTION FOR REHEARING

JORDAN, Justice.

After consideration of appellant's motion for rehearing, we hereby grant said motion. Our original opinion in this case handed down on October 12, 1983 is withdrawn and the following opinion is substituted therefor.

This is an appeal from a conviction for possession of heroin. In a trial to the court, appellant pled not guilty and was convicted under TEX.REV.CIV.STAT.ANN. art. 4476–15 (Texas Controlled Substances Act) (Vernon 1976), in its form as amended by the Legislature in 1981. Appellant was sentenced to eight years in the Texas Department of Corrections.

Although the issue is not raised by appellant in his brief nor addressed by the State, the recent decision of the Court of Criminal Appeals in *Ex parte Crisp,* 661 S.W.2d 944 (Tex.Cr.App.1983), holding the 1981 amendatory act to the Texas Controlled Substances Act to be unconstitutional, compels us to examine the effect of the unconstitutionality of this Act upon the conviction in the case at bar.

If an amendment to an act is declared unconstitutional and invalid, the original act remains in full force and effect, even if the amendment has no savings clause. *Ex parte Crisp, supra; White v. State,* 440 S.W.2d 660, 667 (Tex.Cr.App. 1969). Therefore, the Texas Controlled Substances Act stands as though the 1981

amendatory act had never been enacted. *Crisp, supra.*

Under the pre-amendment version of the Texas Controlled Substances Act, the knowing or intentional possession of heroin is a felony of the second degree. TEX.REV. CIV.STAT.ANN. art. 4476–15, sec. 4.04(b)(1) (Vernon 1976). Thus, at the time when appellant committed the offense in the instant case, there was a valid statute in effect which made it a criminal offense to possess heroin, regardless of the amount possessed. The unconstitutionality of the amendatory act does not render appellant's conviction invalid.

In his first three grounds of error, appellant challenges the sufficiency of the evidence to prove knowing and intentional possession of heroin. The record reveals that police officers had placed appellant and his wife under surveillance based on an informant's tip that appellant possessed and was selling narcotics from his hotel room. After appellant had checked out of the room and appeared to be leaving Tarrant County, officers stopped his automobile. Appellant was driving at the time the vehicle was stopped and his wife was in the front passenger seat. As the officers approached the vehicle, they observed appellant's wife reach to the middle (console) area between the front seats, pick up an object, and stuff it into her slacks. One of the officers was able to see that the object was a dark brown glass bottle. The officers also observed a cloth pouch with the contents partially spilled out on the front floorboard of the passenger side of the vehicle. When the glass bottle was retrieved, it was found to hold ten capsules containing a substance which later tested out to be heroin. The cloth pouch contained eighteen clear capsules which tested out to hold heroin residue.

■ The Court of Criminal Appeals has recently held that circumstantial evidence need not be tested by an *ultimate* "standard for review" different from direct evidence; rather, the standard in both types of cases is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Wilson v. State,* 654 S.W.2d 465, 471 (Tex.Cr.App.1983). The application of this standard to circumstantial evidence cases, however, is still to be effected by reviewing the evidence to determine if the circumstances exclude every other reasonable hypothesis except that of the guilt of the accused. *Wilson, supra.* The reviewing function of the appellate court must include an examination of the record for the purpose of determining whether there is a reasonable alternative explanation of the circumstances which a rational trier of fact would have to accept as raising a reasonable doubt of the defendant's guilt. *Earvin v. State,* 632 S.W.2d 920, 922 (Tex.App.—Dallas 1982, pet. ref'd). In conducting the review of the evidence, however, we must review the evidence in the light most favorable to the verdict. *Hunter v. State,* No. 63,261 (Tex.Crim.App.—July 20, 1983) (not yet reported).

■ In order to establish the unlawful possession of a controlled substance, the State must prove two elements: (1) that the accused exercised care, control, and management over the contraband; and, (2) that the accused knew that the matter possessed was contraband. *Deshong v. State,* 625 S.W.2d 327, 329 (Tex.Cr.App.1981). When the accused is not in exclusive possession of the place where the substance is found, as in the case at bar, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional facts and circumstances which affirmatively link the accused to the contraband. *Deshong, supra.* These additional facts and circumstances must affirmatively link the accused to the contraband in such a manner and to such an extent that a reasonable inference may arise that the accused knew of the existence of the contraband and its whereabouts. *Christopher v. State,* 639 S.W.2d 932, 935 (Tex.Cr.App. 1982). The following have been enumerated as facts and circumstances which can establish the requisite affirmative link between the accused and the contraband: (1) the contraband was in open or plain view;

(2) the place where the contraband was found was enclosed; (3) the contraband was conveniently accessible to the accused; and (4) the accused was the driver of the automobile in which the contraband was found. *Deshong, supra* at 329. Another circumstance which has been considered is the fact that the accused was closely related to other persons in joint possession of the contraband. *Earvin, supra* at 924.

█ In the case at bar, the following facts and circumstances were adduced at trial: (1) the cloth pouch containing eighteen clear capsules was in plain view on the floorboard of the vehicle with its contents partially spilled out; (2) both the glass bottle and the cloth pouch containing heroin residue were found within the vehicle; (3) the glass bottle containing capsules of heroin was located in the area between the front seats of the vehicle and immediately to the right of appellant and was, thus, conveniently accessible to appellant; (4) appellant was the driver of the vehicle at the time the car was stopped and the evidence clearly indicates that appellant was the owner of the vehicle; (5) appellant was married to the other person in the vehicle who was also in possession of the heroin. According to the officer's testimony, appellant's wife was a known heroin addict and she had needle marks on her arm at the time the officers stopped appellant's automobile.

The above enumerated circumstances, viewed in the light most favorable to the prosecution, affirmatively link appellant to the contraband and establish more than a mere suspicion of his unlawful possession of same. The evidence was such that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

█ Appellant, however, posits an alternative explanation of the circumstances, to-wit: that appellant's wife was in sole possession of the heroin and appellant had no knowledge of this fact. As we have previously stated, the review conducted by this court must include an examination of the record for the purpose of determining whether there is a *reasonable alternative explanation* of the circumstances which a rational trier of fact would have to accept as raising a reasonable doubt of the accused's guilt. *Earvin, supra.* The alternative hypothesis or explanation of the circumstances must be reasonable, consistent with the facts proved, and not out of harmony with the evidence. *See Flores v. State,* 551 S.W.2d 364, 367 (Tex.Cr.App. 1977). In light of the totality of the incriminating circumstances, the alternative explanation offered by appellant is neither reasonable nor consistent with the facts proved.

The evidence was sufficient to support appellant's conviction for possession of both the heroin capsules and the heroin residue. The alternative explanation of the circumstances offered by appellant is not one which a rational trier of fact would have to accept as raising a reasonable doubt of appellant's guilt. Appellant's first three grounds of error are overruled.

In his fourth ground of error, appellant asserts that the State failed to prove the quantity of heroin contained in the glass bottle and that since the substance in the cloth pouch was only heroin residue, the evidence cannot support a conviction for possession of heroin, but only a conviction for possession of drug paraphernalia under TEX.REV.CIV.STAT.ANN. art. 4476–15, sec. 4.07 (Vernon Supp.1982–1983).

Initially, we note that the section of the Controlled Substances Act upon which appellant relies is part of the amendatory act held to be unconstitutional in *Crisp, supra,* and therefore is void. However, even if this section stood intact, appellant's reliance thereon would be misplaced. The now void drug paraphernalia statute cited by appellant was enacted to amend the original statute regarding drug paraphernalia, TEX. REV.CIV.STAT.ANN. art. 4476–15, sec. 4.07 (Vernon 1976). The original version of the statute required that some quantity (including a trace) of a controlled substance be found on the paraphernalia. In the 1981 amendments, this requirement was deleted, *see* TEX.REV.CIV.STAT.ANN. art. 4476–

15, sec. 4.07 (Vernon Supp.1982–1983), and the court was simply authorized to *consider* the existence of residue of a controlled substance in determining whether an item was drug paraphernalia. TEX.REV.CIV.STAT. ANN. art. 4476–15, sec. 5.15(2) (Vernon Supp.1982–1983). (Emphasis added). The legislature, while thus effectively expanding prosecutions for possession of drug paraphernalia, certainly did not intend to limit or restrict prosecutions for the possession of controlled substances.

██ Regarding this same ground of error, appellant cites us to *Shults v. State,* 575 S.W.2d 29 (Tex.Cr.App.1979) for the proposition that where the quantity of a controlled substance possessed is so small that it cannot be quantitatively measured, there must be evidence other than its mere possession to prove that the defendant knew the substance in his possession was a controlled substance. It has been held that in the absence of direct evidence of knowledge of the nature of the substance as contraband, the possession of other controlled substances or narcotic paraphernalia may be relied upon as inferential evidence necessary to support a finding of such knowledge. *See Hudson v. State,* 643 S.W.2d 162, 163 (Tex.App.—Austin 1982, pet. ref'd). We have held the evidence to be sufficient to sustain appellant's conviction for possession of the heroin capsules in the glass bottle. Having held the evidence to be sufficient to establish such possession, the same is inferential evidence of appellant's knowledge of the nature of the substance in the cloth pouch as contraband. We note that in *Hudson, supra,* the appellant therein unsuccessfully relied upon the reasoning of the *Shults* case also relied upon by the appellant in the case at bar.

Appellant's fourth ground of error is overruled.

The judgment is affirmed.