Anthony Joseph MILLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–86–00089–CR.

Court of Appeals of Texas, Dallas.

Jan. 12, 1987.

Discretionary Review Granted April 29, 1987.

Dan Garrigan, Lawrence B. Mitchell, Dallas, for appellant.

Leslie McFarlane, Dallas, for appellee.

Before GUITTARD, C.J., and VANCE and McCLUNG, JJ.

GUITTARD, Chief Justice.

Anthony Joseph Miller was convicted of possession of a controlled substance, namely, heroin. Punishment, enhanced by two previous convictions, was assessed by the jury at forty years' confinement. In four points of error, appellant contends that: (1) the evidence is insufficient to support the conviction; (2) the trial court erred in overruling the motion to suppress because the heroin was obtained as the result of an illegal search and seizure; and (3) the instructions to the jury regarding the law of parole violated the constitutional provisions guaranteeing the separation of governmental powers and deprived him of a fair trial as guaranteed by the due process clause of the federal and state constitutions. For the reasons stated below, we overrule these points and affirm.

Appellant contends that the evidence is insufficient because the quantity of heroin possessed by him is not enough to support a conviction for possession of a controlled substance. The pertinent facts show that appellant was driving a car and was stopped by a police officer for speeding. When appellant got out of his car, the officer asked him for his driver's license. As appellant was producing his license, the officer noticed the top of a syringe sticking out of appellant's pocket and seized the syringe. As the officer seized the syringe, appellant stated, "Oh, there's nothing in it." The officer noticed a few drops of clear liquid in the syringe.

At trial, the State's chemist testified that the syringe held two or three drops of a visible clear liquid residue containing, among other things, diphonhydromine, a cutting agent for heroin, and heroin in the amount of .008 milligrams. The chemist conceded that the amount of heroin was small. In fact, on cross-examination, the chemist testified that, by comparison, if one took a level teaspoon of flour and broke it into a million parts, the amount of heroin here is equivalent to eight one-mil-

lionths of a leveled-off teaspoon of flour. Still, the chemist noted that he could have detected an amount of heroin one hundred times smaller than that involved in this case.

■ In order to establish the unlawful possession of a controlled substance such as heroin, the State must prove two elements: (1) that the accused exercised care, control and management over the contraband, and (2) that the accused knew that the matter possessed was contraband. *Oaks v. State*, 642 S.W.2d 174, 176 (Tex. Crim.App.1982).

The evidence is undisputed that appellant exercised care, control and management over the contraband. Therefore, the first element is satisfied. The question presented is whether appellant knew that the matter he possessed was heroin. A review of the case law reveals a divergence of authority concerning what evidence is necessary to show that an accused knew that he possessed contraband such as heroin when, as here, the amount is minute.

In some cases, the Court of Criminal Appeals has held the evidence insufficient to establish knowing possession, apparently because of the minuteness of the amount in the defendant's possession, without considering other factors bearing on knowledge. For instance, in *Greer v. State*, 163 Tex.Crim. 377, 292 S.W.2d 122 (1956), a small piece of wet cotton containing a trace of heroin such as might have been wiped from a needle after an injection was held insufficient. A similar holding was made in *Coleman v. State*, 545 S.W.2d 831, 835 (Tex.Crim.App.1977), where the amount of cocaine found was "no more than ⁵⁄₂₈,₀₀₀ of an ounce and maybe as little as ¹⁄₂₈,₀₀₀ of an ounce." *Coleman* cited *Pelham v. State*, 164 Tex.Crim. 226, 298 S.W.2d 171 (1957), in which the court held that the amount of marihuana found in scrapings from the defendant's pocket was insufficient to support a conviction because it was not a usable amount, and added: "It would be a harsh rule, indeed, that would charge appellant with knowingly possessing that which it required a microscope to identify."

*Coleman,* 546 S.W.2d at 835. In the case of heroin, however, proof of possession of a usable amount is not required. *Cantu v. State,* 546 S.W.2d 621, 622 (Tex.Crim.App. 1977); *Sampayo v. State,* 625 S.W.2d 33, 35 (Tex.App.—San Antonio 1981, no pet.). Even a trace may be sufficient if knowing possession is otherwise shown, and, if so, the minimum quantity requirement of *Pelham* and *Coleman* does not apply. *Cantu,* 546 S.W.2d at 622; *see Reyes v. State,* 480 S.W.2d 373, 374 (Tex.Crim.App.1972).

One court has gone so far as to hold that, if the amount of the substance is sufficient to be washed out for measurement, as was done here, it is sufficient to sustain a conviction. *See Huff v. State,* 630 S.W.2d 711, 712 (Tex.App.—Beaumont 1981, pet. ref'd); *see also Romero v. State,* 709 S.W.2d 53, 55 (Tex.App.—Fort Worth 1986, no pet.). This position is supported by cases holding that, when the quantity of a substance possessed is so small that it cannot be quantitatively measured, there must be evidence, other than its mere possession, that the defendant knew that the substance in his possession was a controlled substance. *See Mendoza v. State,* 636 S.W.2d 198, 200 (Tex.Crim.App.1982); *Shults v. State,* 575 S.W.2d 29, 30 (Tex. Crim.App.1979); *Daniels v. State,* 574 S.W.2d 127, 128 (Tex.Crim.App.1978). The implication of these cases is that, if the substance possessed is quantitatively measureable, the requisite knowledge element is satisfied.

Many of the cases that purport to rely solely on the amount of contraband involved to determine the requisite knowledge utilize other factors to make such a determination. Some additional factors in minute possession cases that may be utilized to find the requisite knowledge, other than the mere fact of possession, are: (1) the possession of other contraband, *Daniels,* 574 S.W.2d at 129; *Tomlin v. State,* 170 Tex.Crim.R. 108, 338 S.W.2d 735, 737 (1960); *Gonzales v. State,* 706 S.W.2d 764, 767 (Tex.App.—San Antonio 1986, no pet.); *Forsythe v. State,* 664 S.W.2d 109, 113 (Tex.App.—Beaumont 1983, pet. ref'd); *Whaley v. State,* 660 S.W.2d 894, 898 (Tex.

App.—Ft. Worth 1983, pet. ref'd; *Hudson v. State*, 643 S.W.2d 162, 163 (Tex.App.—Austin 1983, pet. ref'd); (2) the possession of narcotic paraphernalia, *Daniels*, 574 S.W.2d at 129; *Gonzales*, 706 S.W.2d at 767; *Forsythe v. State*, 664 S.W.2d at 113; *Whaley*, 660 S.W.2d at 899; *Hudson*, 643 S.W.2d at 163; (3) the possession of a cutting agent, *Daniels*, 574 S.W.2d at 129; (4) actions of the defendant such as the attempted destruction of contraband, *Forsythe*, 664 S.W.2d at 113; (5) sale of or delivery of contraband, *Mendoza*, 636 S.W.2d at 200; *Taylor v. State*, 505 S.W.2d 927, 929 (Tex.Crim.App.1974); *Reyes*, 480 S.W.2d 373, 374–75 (Tex.Crim.App.1972); *Sampayo*, 625 S.W.2d at 35; and, (6) the judicial confession of the defendant, *Cantu*, 546 S.W.2d at 622.

Other factors bearing on guilty knowledge, although not mentioned specifically in minute possession cases, include proximity, accessibility, and location of the contraband. These factors are used in possession cases involving larger amounts of contraband. *See Deshong v. State*, 625 S.W.2d 327, 329 (Tex.Crim.App.1981). We see no reason not to utilize these factors to determine knowledge in minute possession cases. Further, if the requisite knowledge can be shown through the use of one or more of these additional factors, then the cases such as *Coleman* and *Greer* are inapplicable. *See Reyes*, 480 S.W.2d at 374.

■ We conclude that when the defendant's possession of a minute amount of heroin is coupled with other factors sufficient to show guilty knowledge, the evidence is sufficient for conviction. In this case, appellant's undisputed possession was coupled with the following factors: (1) the heroin was on his person, (2) the heroin was in narcotic paraphernalia, and (3) a cutting agent was present with the heroin. This evidence supports an inference of guilty knowledge. Therefore, we hold that the evidence supports the conviction.

■ Appellant's next contention is that the trial court erred in overruling the motion to suppress because the syringe and its contents were obtained as the result of an illegal search and seizure. We need not address appellant's contention because when the syringe and its contents were offered into evidence by the State, appellant affirmatively stated that he had no objection to their introduction. When this occurred, appellant waived any objection to the admission of this evidence even though he had previously obtained an adverse ruling on his motion to suppress. *See Moraguez v. State*, 701 S.W.2d 902, 904 (Tex.Crim.App.1986); *Harris v. State*, 656 S.W.2d 481, 484 (Tex.Crim.App.1983). Accordingly, appellant's second point of error is overruled.

Appellant's final two points of error attack the constitutionality of the instructions to the jury on the law of parole. *See* TEX.CODE CRIM.PROC.ANN. art. 37.07, section 4 (Vernon Supp.1986). Appellant concedes that he raised no objection to the instructions when given. The contentions raised by appellant in these two points of error have been decided adversely to him in this Court's opinions in *Rose v. State*, 724 S.W.2d 832 (Tex.App.—Dallas, 1986, reh'g pending) and *Joslin v. State*, 722 S.W.2d 725 (Tex.App.1986) reh'g pending (not yet reported). For the reasons stated in *Rose* and *Joslin*, appellant's final two points of error are overruled.

AFFIRMED.