**Mark Allen SCOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–90–01065–CR.**

Court of Appeals of Texas, Dallas.

Feb. 20, 1992.

Rehearing Denied March 24, 1992.

Michelle Phillips Scheef, Richardson, for appellant.

Pamela Sullivan Berdanier, Dallas, for appellee.

Before BAKER, THOMAS and WHITTINGTON [1], JJ.

OPINION

THOMAS, Justice.

Mark Allen Scott appeals his jury conviction of the offense of possession of cocaine wherein the trial court assessed punishment, enhanced by two prior convictions, at thirty years' confinement. In two points of error, Scott asserts that: (1) the evidence was insufficient to prove that he knowingly possessed cocaine; and (2) the trial court erred when it denied his motion to allow an independent chemist to test the substance. We overrule both points and affirm the trial court's judgment.

## FACTUAL BACKGROUND

The police arrested Scott after he drove from the parking lot of a teenage dance club. In a subsequent search, police discovered, hidden in the groin area inside Scott's pants, a large baggie containing several smaller baggies. The smaller baggies contained substances resembling paper squares of LSD, powdered cocaine, crack cocaine, marijuana cigarettes, hashish, and ecstasy tablets. The paper squares, tablets, and material resembling cocaine and crack cocaine tested negative for controlled substances. An analysis on one of the two baggies containing a white powder residue revealed that it contained 0.3 milligrams of cocaine.

## SUFFICIENCY OF THE EVIDENCE "KNOWING POSSESSION"

■ In the first point of error, Scott contends that the evidence was insufficient to show that he knowingly possessed cocaine because the amount recovered was so small. When reviewing the sufficiency of the evidence, this Court must examine the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d

---

1. The Honorable John Whittington, Justice, participated in this case when it was submitted for decision. Because of his resignation on December 31, 1991, he did not participate in the issuance of this opinion.

560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989). To support this conviction, the State had to prove that Scott exercised care, custody, and control over the substance and that he knew that it was contraband. *Herrera v. State*, 561 S.W.2d 175, 179 (Tex.Crim.App.1978). Thus, knowledge of possession is an essential element of the crime. *Reyes v. State*, 480 S.W.2d 373, 374 (Tex.Crim.App.1972).

To support his contention that evidence of such a small amount is insufficient to establish "knowing possession" of a controlled substance, Scott relies on *Coleman v. State*, 545 S.W.2d 831 (Tex.Crim.App. 1977). In *Coleman,* the Court of Criminal Appeals reversed a conviction that was based on a quantity of cocaine so small that it could be identified only by a microscope. 545 S.W.2d at 835. However, in the fourteen years since *Coleman,* several courts have held that small quantities of cocaine will suffice if the amount is visible. *See Thomas v. State*, 807 S.W.2d 786, 789 (Tex.App.—Houston [1st Dist.] 1991, no pet.) (op. on reh'g.) (0.8 milligrams of cocaine); *Manuel v. State*, 782 S.W.2d 335, 337 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd) (2.2 milligrams of cocaine); *Chavez v. State*, 768 S.W.2d 366, 367–68 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd) (0.5 milligrams of cocaine). We also note that one court has upheld a conviction for possession of 0.3 milligrams of cocaine, the same amount at issue here. *Alejandro v. State*, 725 S.W.2d 510, 515 (Tex.App.—Houston [1st Dist.] 1987, no pet.).

▮ In *Alejandro,* a chemist testified that the quantity would probably be just "a few specks of powder" that *probably* was visible without a microscope. 725 S.W.2d at 515. In our case, there is evidence of visibility, because the chemist testified that 0.3 milligrams of cocaine is visible to the eye as a very thin film of dust, comparable to one or two grains of salt.[2] We conclude that, if the controlled substance can be seen and measured, the amount is sufficient to establish that the defendant knew

it was a controlled substance. *See Thomas,* 807 S.W.2d at 789.

▮ Further, even if the quantity was too minute to be measured or seen, other evidence can prove that the defendant knew the substance in his possession was a controlled substance. *See Shults v. State*, 575 S.W.2d 29, 30 (Tex.Crim.App.1979). Some additional factors in minute-possession cases that may be used to find the requisite knowledge include: (1) possession of other contraband; (2) possession of narcotic paraphernalia; (3) actions of the defendant; (4) sale or delivery of the contraband; and (5) proximity, accessibility, and location of the contraband. *Miller v. State*, 723 S.W.2d 789, 791–92 (Tex.App.—Dallas 1987), *vacated on other grounds,* 760 S.W.2d 259 (Tex.Crim.App.1988). This Court has previously held that, when a defendant's possession of a minute amount of a controlled substance is coupled with other factors sufficient to show guilty knowledge, the evidence is sufficient for conviction. *Miller,* 723 S.W.2d at 729. In the instant case, Scott possessed the cocaine on his person. It was hidden inside his pants in his groin area. The cocaine baggies were among several baggies containing what appeared to be various kinds of drugs. We hold that this evidence supports an inference of guilty knowledge. *See Miller,* 723 S.W.2d at 792. Accordingly, we overrule the first point of error.

## REFUSAL TO ALLOW INDEPENDENT CHEMIST TO TEST SUBSTANCE

▮ In his second point of error, Scott argues that the trial court erred in refusing to allow him to have an independent chemist test the alleged controlled substance. He contends that the refusal was egregious because the amount was so small and because the other substances tested negative. Under article 39.14 of the Texas Code of Criminal Procedure, a defendant has a right to have any alleged contraband tested by his own chemist if he makes a *timely* request for such an opportunity. *See Mendoza v. State*, 583 S.W.2d 396, 398 (Tex.

---

**2.** The chemist testified that 0.3 milligrams was the total amount of pure cocaine in one baggie.

That quantity did not include possible adulterants or dilutants.

Crim.App.1979); *Terrell v. State*, 521 S.W.2d 618, 619 (Tex.Crim.App.1975); *Detmering v. State*, 481 S.W.2d 863, 864 (Tex. Crim.App.1972). Denial of a timely motion to allow such inspection is reversible error. *Terrell*, 521 S.W.2d at 619; *Detmering*, 481 S.W.2d at 864.

■ The trial of this case was originally scheduled for April 30, 1990. On April 10, 1990, Scott filed eighteen pages of motions for production and inspection. The trial was then reset five times. On July 16, 1990, the trial court set both a pretrial hearing on the discovery motions and the trial on the merits for July 25, 1990. A few minutes before the pretrial hearing scheduled for July 25, Scott filed his "Notice of Motion Requesting a Sample of the Alleged Narcotics," seeking to have an independent chemist analyze the substance. The trial court denied the motion, stating, "It's too late." Because a pretrial hearing on discovery was set, the timeliness of Scott's request is governed by article 28.01 of the Texas Code of Criminal Procedure, which provides in relevant part:

> Sec. 2. When a criminal case is set for such pre-trial hearing, any such preliminary matters not raised or filed seven days before the hearing will not thereafter be allowed to be raised or filed, except by permission of the court for good cause shown; provided that the defendant shall have sufficient notice of such hearing to allow him not less than 10 days in which to raise or file such preliminary matters.

TEX.CODE CRIM.PROC.ANN. art. 28.01, § 2 (Vernon 1989).

Scott acknowledges that the question of whether to *hold a hearing* on the motion rested within the trial court's discretion. *See Writt v. State*, 541 S.W.2d 424, 426 (Tex.Crim.App.1976); *Baskin v. State*, 672 S.W.2d 312, 314 (Tex.App.—San Antonio 1984, no pet.); TEX.CODE CRIM.PROC.ANN. art. 28.01, § 2 (Vernon 1989). However, once a trial court chooses to hold a hearing

on the motion, it has little discretion under *Mendoza* and *Detmering* to deny or grant the discovery request. Thus, the issue is whether the trial court in the instant case reached the merits of the motion.

The record reflects the following colloquy:

> THE COURT: Before I hear the announcement ready for trial, we have some motions that have been filed in the case and which have not been previously ruled on.... The first motion I want to take up is a notice of a motion requesting a sample of police narcotics, which was filed today, a few minutes ago. What is the State's response to that?
>
> [PROSECUTOR]: Judge, compliance with that is impossible.[3]
>
> THE COURT: [Defense Counsel], do you have anything you want to say about it?
>
> [DEFENSE COUNSEL]: Judge, I think we're entitled to have a private sample taken. I'll ask the Court to grant that.
>
> THE COURT: The motion is denied. It's too late.

Admittedly, the prosecutor did not raise the issue of timeliness when the trial court asked the State for a response to a motion that had been filed "a few minutes" before the pretrial hearing. It is equally apparent that, based upon the State's response, defense counsel did not offer any showing of good cause for the late filing but, instead, addressed the merits of the request.

The purpose of the notice requirements are to enable the trial court to dispose of such preliminary matters prior to trial in order to avoid delays after jurors and witnesses have been summoned. *See Bosley v. State*, 414 S.W.2d 468, 470 (Tex.Crim. App.), *cert. denied*, 389 U.S. 876, 88 S.Ct. 172, 19 L.Ed.2d 162 (1967). The trial court obviously was concerned with the fact that the discovery motion was filed within minutes of the pretrial hearing and could have

---

**3.** Despite the prosecutor's statement, impossibility is not an issue in this case. The State acknowledges that the chemist testified that she placed the test tube in the evidence bag after her analysis so that some small portion of the sub-

stance would be left for further analysis. *Compare Montes v. State*, 503 S.W.2d 241, 243 (Tex. Crim.App.1974) (examination would not have benefitted the appellant, because no heroin was left after the analysis).

declined to address the matter altogether, since the motion was untimely. *See Biegajski v. State*, 653 S.W.2d 624, 626 (Tex. App.—San Antonio 1983, pet. ref'd) (court did not rule on the contents of the motion for change of venue but denied the motion because it was untimely filed). Nothing in the record indicates that Scott did not receive sufficient notice of the discovery hearing; in addition, the trial was reset five times over a three-month period. Scott did not attempt to show good cause for the late filing of this discovery motion. *See Hendricks v. State*, 727 S.W.2d 816, 818 (Tex.App.—Fort Worth 1987, no pet.). We conclude that the trial court did not reach the merits of the motion because of the belief that it was untimely and that this decision was not an abuse of its discretion. Accordingly, we overrule the second point.

We affirm the trial court's judgment.