**Robert Walker TROYER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49193.**

Court of Criminal Appeals of Texas.

Dec. 4, 1974.

———◆———

Gordon E. White, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and George Karam, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for possession of marihuana. After the jury returned a verdict of guilty on September 16, 1972, punishment was assessed by the court at seven (7) years on October 6, 1972, following a pre-sentence investigation.

Appellant's first two contentions are directed to the court's failure to grant his requested charge to the effect that appellant could not be convicted unless it was shown that he knew he was in possession of marihuana.

Appellant's requested charge on the affirmative defense of lack of knowledge that he possessed marihuana and his objection to the court's charge for failure to contain such an instruction were both in writing and timely filed.

The record reflects that officers went to appellant's apartment on Rampart Street in Houston on May 9, 1972, for the purpose of arresting appellant on a felony theft warrant. Upon arresting appellant in his apartment, officers observed a baggie of marihuana on a coffee table. A brown paper bag containing marihuana was found in the kitchen. In addition, traces of marihuana were found in a bowl in the kitchen, and partially smoked marihuana cigarettes and an LSD tablet were found in the living room.

Appellant, testifying in his own behalf, stated that he had occupied the apartment in question for six or seven months, and that he used same as an office for his swimming pool business. Appellant stated that six of his employees had keys to his apartment in order that they might pick up information about jobs left there by him. In addition, his bookkeeper had a key, and a key was left outside the apartment for employees who did not have one. Appellant related that he had been gone from the apartment the entire day in question, and had returned to his apartment about five minutes before the appearance of the officers. Upon entry of the apartment, appellant found same in "a mess and stinking," and called one Luella Loy, who frequently came to the apartment to work on his books in the afternoon, to see if she knew anything about the apartment being in the condition it was in and if she knew anything about anyone having a party in the apartment. According to appellant, he was talking on the phone to Loy when the officers arrived. The record reflects appellant testified as follows regarding knowledge of the marihuana in his apartment:

"Q. All right. Now, did you have any marijuana in your apartment on May 9th, 1972?

"A. I personally had none. Of my knowledge there was none.

"Q. If marijuana was found in your apartment on May 9th, 1972, were you aware of it?

"A. Would you repeat that? I'm sorry, I didn't hear you.

"Q. If marijuana was found in your apartment on May 9th, 1972, were you aware of it?

"A. No, sir. Not until it was found.

"Q. Do you have any knowledge of who may have placed that marijuana in your apartment?

"A. No, sir."

The court in its charge defined possession as "the actual care, control and management of the property, either alone or acting with another person or other persons." The jury was instructed that they could not convict unless they found that defendant possessed the marihuana. An instruction was given on the law of circumstantial evidence.

■ The State had the burden of proving: (1) that the appellant exercised actual care, control, and management over the contraband, and (2) that he knew the object which he possessed was contraband. Collins v. State, Tex.Cr.App., 502 S.W.2d 743; Valdez v. State, Tex.Cr.App., 481 S.W.2d 904.

■ The court charged the jury only as to the possession element of the offense. Nothing in the charge mentions lack of knowledge. Where the issue is properly raised, failure to give an affirmative charge on the knowledge issue is reversible error. Ramos v. State, Tex.Cr.App., 478 S.W.2d 102; Goldman v. State, Tex.Cr. App., 468 S.W.2d 381; Rodriguez v. State, Tex.Cr.App., 372 S.W.2d 541; Fawcett v. State, 137 Tex.Cr.R. 14, 127 S.W.2d 905.

The testimony of the appellant clearly raised the defense of lack of knowledge. Whether the defense was true or not was a question for the jury. Appellant had a right to have his defensive theory submitted to the jury. Fawcett v. State, supra. The trial court's refusal to charge on the defensive theory requires reversal.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

DOUGLAS, Judge (dissenting).

The majority reverses this conviction because the court did not instruct the jury that appellant could not be convicted unless it was shown that he knew that he was in possession of marihuana.

In determining if reversible error was committed, this Court should look to the charge as a whole and to the facts in the case. The Legislature established this rule when it passed Article 36.19, V.A.C.C.P. It provides, in substance, that where the requirements of Articles 36.14, 36.15 and 36.16, V.A.C.C.P., relating to the court's charge have been disregarded "the judgment *shall not be reversed* unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial." (Emphasis supplied)

Article 725b, Section 2(a), V.A.P.C., in effect at the time of this trial and under which appellant was convicted did not contain the words knowledge or knowingly. It provides, in part:

"It shall be unlawful for any person to manufacture, possess, have under his control . . . any narcotic drug. . . ."

This Court has added the magic word "knowingly" to the statute. No one would want a conviction where an accused did not knowingly possess the contraband.

First let us look at the charge to see if the trial court required the jury to find that appellant knowingly possessed marihuana.

The court instructed the jury that it shall be unlawful for anyone to possess marihuana. "By the term 'possession' as used in this charge, is meant the care, custody or management of the item in question." Without setting out various definitions of the words charge, care, custody or management, this would require the jury to find that appellant knowingly possessed the marihuana.

In Paragraph II, the court charged:

"Now bearing in mind the foregoing instruction, if you believe from the evidence beyond a reasonable doubt that the defendant . . . did unlawfully possess marihuana then you will find him guilty.

"However, if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict 'not guilty.' "

In Paragraph III, the court instructed that the jury could not convict unless they found beyond a reasonable doubt that the items introduced in evidence contained marihuana and unless the defendant possessed said items as alleged in the indictment and "if you have a reasonable doubt as to either of these two matters, you must resolve that doubt in favor of the defendant and say by your verdict 'not guilty.' "

The court also instructed the jury on circumstantial evidence. It included the following:

". . . all the facts . . . must be consistent with each other and with the main fact sought to be proved; and the circumstances, taken together, must be of a conclusive nature, leading on the whole to a satisfactory conclusion, and producing in effect a reasonable and *moral certainty that the accused and no other person*, committed the offense charged. It is not sufficient that the circumstances coincide with, account for, and therefore render probable the guilt of the defendant; they must exclude every other reasonable hypothesis except that of the defendant's guilt, and unless they do so beyond a reasonable doubt you will find the defendant not guilty." (Emphasis supplied)

This favorable charge to appellant required the jury to acquit appellant even though he could have been acting with others in possessing the contraband.

The court also charged:

"The defendant is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt, and in case you have a reasonable *doubt* as to the defendant's guilt after consid-

ering all the evidence before you, and these instructions, you will acquit him. . . ."

How could the jury have found that appellant and *no other person* possessed, had control or management of the marihuana without finding he knew that he had it? How can one have possession, control or management of something without knowing he has it?

The facts in this case show that officers went to appellant's apartment on Rampart Street in Houston with a warrant for his arrest for felony theft. Appellant was alone in the apartment. When the officers entered, they saw the appellant with a telephone in his hand by a coffee table. In open view and upon the coffee table in the living room they saw a plastic baggie containing a green substance that they recognized to be marihuana. They also saw four partially smoked cigarettes which contained seed and a green plant substance. They found a plastic bowl which contained loose particles of marihuana and cigarette paper. They also found a coffee can which contained green plant substance and seed. They also found a purple tablet that was later shown to be LSD. All of these items were on the coffee table. On a couch in the living room they found a bamboo smoking pipe called a "hookah" or steam roller for smoking marihuana.

In the kitchen they saw and took a Waring blender which contained a greet plant substance and stems. They also found a brown grocery shopping type bag containing a green substance which one of the officers recognized as marihuana.

In the dining area they found a small Oriental pipe known as a "hash" pipe. On a table there they found a plastic baggie and four cigarette butts containing a green plant substance and stems. In addition, the officers found a cigarette rolling machine.

One hundred sixty-four grams, which was enough marihuana to make six hundred and fifty-eight cigarettes was found in the apartment.

From the evidence it appears that the jury could have reasonably deducted that appellant was not only a possessor, but a processor of marihuana cigarettes and his place of business was his apartment.

Appellant called several witnesses who testified that they had access to a key to his apartment. These witnesses testified on cross-examination that they did not take the marihuana into the apartment. Two witnesses called by appellant at first refused to testify when asked if they brought marihuana to the apartment.

Mike Appleby, after claiming his Fifth Amendment right not to testify, later testified during cross-examination that he and Mike Watson went into appellant's apartment on the day in question. He related that he did not see Watson carry anything into the apartment and that he (Appleby) did not carry anything in the apartment except his billfold and ordinary clothing.

Mike Watson, the other witness who claimed the Fifth Amendment right, testified that he had a key to the apartment and was there on the day in question at about eight o'clock in the morning with Mike Appleby. He testified that he did not see the marihuana there and did not take it to the apartment.

Mike Lickey, another defense witness, testified that he was in the apartment at approximately ten o'clock in the morning and he never brought marihuana there.

Appellant testified that he had lived in the apartment for some six or seven months. He related that he had left at approximately six or seven o'clock that morning and had returned some five minutes before the officers arrived. He stated that he was talking over the telephone on the coffee table at the time of his arrest for felony theft. He related that he was not aware that the marihuana was there until the officers found it.

Appellant, by the testimony of his witnesses including the two who originally claimed their Fifth Amendment rights, ex-

cluded any reasonable hypothesis that they brought or saw the marihuana in the house.

The marihuana, the cigarette butts, the papers, cigarette roller and the paraphernalia on the coffee table where the telephone was located were in close proximity and in plain view of appellant. Narcotics and paraphernalia were found in the dining area and in the kitchen. The appellant did testify that he did not see or know that all of this was in the apartment until the officers found it. The jury had a right to disbelieve this testimony and from their verdict it is obvious that they gave no credence to it. There was no evidence that anyone occupied the apartment except appellant.

A reading of the charge in its entirety shows that the court required the jurors to believe that appellant knowingly possessed marihuana before they could find him guilty.

How could a jury have reached a verdict other than that of guilty on all the evidence before it especially when all of the witnesses produced by appellant did not bring marihuana or see any there?

In viewing the case and the charge as a whole, and if there be error, it appears that this is the type of case that the Legislature had in mind when it adopted the predecessors to and Article 36.19, V.A.C. C.P., that a case "shall not" be reversed unless there is error in the charge calculated to harm a defendant.

This Court should at least recognize this "shall" statute and hold that error is harmful to an accused before reversing a judgment of conviction on alleged errors in the charge.

This Court-made rule that the charge must instruct the jury that one must knowingly possess something has been complied with in this case even though none of the magic words "knowingly," "knew" or "knowledge" is found in the charge.

No error is shown. The judgment should be affirmed.