**Ronald Dale DUNN, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A14–82–115 Cr.**

Court of Appeals of Texas, Houston (Fourteenth Dist.).

Certiorari Denied May 16, 1983. See 103 S.Ct. 2086.

Aug. 19, 1982.

Louis Dugas, Jr., Orange, for appellant.

Jim Mapel, Angleton, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and PRICE, JJ.

PRICE, Justice.

This is an appeal from a conviction for possession of marihuana. Trial was to a jury, who found the appellant guilty and assessed his punishment at ten years incarceration, to be probated for a term of eight years, with a fine of five thousand dollars. Appellant asserts one ground of error and does not challenge the sufficiency of the evidence. We affirm.

In his sole ground of error appellant contends that his trial was in violation of the double jeopardy clause of the Fifth Amendment of the United States Constitution and the Texas Constitution, Article I, Section 14. The record reflects that on January 27, 1979, a search was conducted at the home of appellant and Betty Lux Dunn. The officers seized amphetamines and marihuana at the residence. As a result of the seizure, two indictments were returned by the Brazoria County Grand Jury. The first indictment charged the appellant, in four different paragraphs, with offenses specifically involving the substance *amphetimine.* The second indictment charged the appellant with the offense of possession of marihuana.

On April 15, 1980, the State tried appellant and Betty Lux Dunn on the first indictment. Upon completion of the State's case-in-chief, both named defendants moved for an instructed verdict of acquittal which the court granted. The State argues that such acquittal was granted on the grounds that the indictment did not allege an offense because of the misspelling of the drug amphetamine as amphetimine. The record does not show, however, the basis on which the acquittal was granted. Whether the first indictment was void is no longer critical since the holding of *Ex Parte McWilliams,* 634 S.W.2d 815 (Tex.Cr.App.1980) as will be discussed later in the opinion.

On November 16, 1981, appellant and Betty Lux Dunn were brought to trial on the remaining indictment, alleging that they had illegally possessed marihuana. At the second trial, the jury found appellant guilty and it is this conviction from which appellant has perfected this appeal.

Appellant contends that since he had previously been tried and acquitted for a violation arising out of the same transaction as the present case, the double jeopardy clause prevented the trial court from having jurisdiction to try him in the present case.

We would first point out that neither the United States Constitution nor the Texas Constitution prohibits multiple prosecution for two statutory offenses committed in the same transaction. The constitutional provisions speak of double jeopardy in terms of the "same offense" rather than the "same transaction." The carving doctrine speaks in terms of the "same transaction." In *Paschal v. State,* 49 Tex.Cr.R. 111, 90 S.W. 878 (1905), the Court stated "[w]here the prosecution is upon an information, the state can carve but once for the same transaction." However, in a recent decision the Court stated "[w]e have now re-examined the doctrine of carving and have concluded that it should be abandoned." *Ex Parte McWilliams,* 634 S.W.2d 815, 822 (Tex.Cr. App.1980).

Since the carving doctrine has been abandoned, then double jeopardy only applies to a second trial based on the "same offense." The following test for determining the same offense has been provided by the Supreme Court of the United States:

> [T]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980); *Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *Ex Parte McWilliams, supra* at 824.

The Court in *McWilliams* further stated that there may be a substantial overlay in the proof of each offense; however, it is the separate statutory elements of each offense which must be examined under this test. *McWilliams, supra* at 824. In the instant case the rule enunciated in *Blockburger* will not preclude two convictions because appellant was charged with two offenses, each one for possession of a different drug.

Since there is no double jeopardy violation in appellant's conviction for possession of marihuana following his acquittal for possession of *amphetimine,* appellant's sole ground of error is overruled and the judgment is affirmed.