**Eric Thomas BORGEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–0278–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 18, 1983.

Stanley Schneider, Murry B. Cohen, Houston, for appellant.

Richard Mason, Houston, for appellee.

Before EVANS, C.J., and LEVY and BULLOCK, JJ.

## OPINION

BULLOCK, Justice.

Appellant was indicted for the second degree felony offense of sexual abuse in violation of Tex.Penal Code Ann. § 21.-04(a)(1) (Vernon Supp.1978). He pleaded not guilty and jury trial was had at both the guilt and punishment stages. He was found guilty as charged, and the jury assessed punishment at ten years confinement and a fine of ten thousand dollars.

Appellant, in presenting three grounds of error, does not challenge the sufficiency of the evidence, but asserts that:

(1) appellant was denied effective assistance of counsel.

(2) appellant was denied due process of law by the misconduct of the prosecutor in making improper and illegal jury argument at the guilt stage.

(3) appellant was denied due process of law by the prosecutor's improper and illegal argument at the punishment stage.

We need to deal only with the second ground of error.

Appellant refers this court to the following argument made by the prosecutor at the guilt stage of trial:

Well, if you believe that one thing, it remains to me undeniably clear and that one thing is *as long as lawyers are for hire, justice is for sale.* (Emphasis supplied by appellant).

Appellant made no objection at the trial but contends the statement was so prejudicial as to require a reversal and new trial. The State, however, asserts that "[in] order to place the complained of argument in proper context, it is necessary to examine the prosecutor's remarks preceding this [complained of] statement":

The fact that this defendant has perhaps, some of us might think to be unusual sexual preferences, doesn't really do a whole lot except corroborate what [complainant] said after having just been with him for five hours against her will and sometimes we get to the point and we sit back and we are talking eight months after this occurred and we might say to ourselves, my Lord, you know I don't know if there was quite that much force used and those threats and so on and so forth and why didn't she do this or that, why didn't she go here or there and let me tell you sometimes I rather suspect that women find themselves in positions such as this in terms of their own personal safety, it may very well be the best thing to do, to tolerate it as much as you can short of being killed and do you believe for a second that because of lover boy over there not performing sex with [complainant] that she nose dived out a second story window? Well, if you believe that one thing, it remains to me undeniably clear and that one thing is as long *as lawyers are for hire justice is for sale.* Thank you. (Emphasis supplied by the State).

■ Proper jury argument is that which:

(1) Summarizes the evidence;

(2) makes reasonable deductions from the evidence;

(3) responds to argument of opposing counsel; and

(4) pleads for law enforcement.

See *Todd v. State,* 598 S.W.2d 286 (Tex.Cr. App.1980):

Even when an argument exceeds a permissible bounds of the above areas, such will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute or injects new facts, harmful to the accused, into the proceedings.

*Todd, supra.*

■ With respect to the necessity of an objection to the prosecutor's argument in a criminal proceeding, the general rule is that any impropriety in the State's argument is waived by a defendant's failure to make a proper and timely objection. *Romo v. State,* 631 S.W.2d 504 (Tex.Cr.App.1982); *Sanchez v. State,* 589 S.W.2d 422 (Tex.Cr. App.1979). However, an exception to the general rule occurs where the argument of the prosecutor is so prejudicial that an instruction to disregard will not cure the harm. *Romo, supra; Smith v. State,* 541 S.W.2d 831 (Tex.Cr.App.1976); *Rodriguez v. State,* 530 S.W.2d 944 (Tex.Cr.App.1975). Thus, unless this court is of the opinion that the prosecutor's argument was so prejudicial that no instruction could cure the harm, trial counsel's failure to object waived any error.

Appellant argues that the prosecutor's statements should be viewed as "an attack upon defense counsel for permitting himself to be hired to represent appellant in this case." He contends that the "Court of Criminal Appeals has been quick to condemn such argument in the strongest terms, holding that it constitutes prosecutorial misconduct so gross that reversal is required, even without objection."

■ Despite the State's argument that any harm caused by the statement could have been cured by an instruction to disregard, we conclude that the argument was so prejudicial as to require a new trial. This

does not comply with any of the *Todd, supra,* rules and the Court of Criminal Appeals is of the opinion that the prejudicial effect of such a statement is compounded by the misunderstanding of the public concerning the duty of an advocate:

> It is widely recognized that the canons of ethics are not generally understood by the public from which the members of the jury panel are drawn. Many do not believe an attorney should undertake the defense of a person charged with a crime, particularly if there is some indication that the defendant is guilty.

> This general misunderstanding by the public serves to contribute to the prejudicial effect of an argument by a prosecutor which strikes at a member of the bar for representing the person accused of crime.

*Boyde v. State,* 513 S.W.2d 588 (Tex.Cr. App.1974). In *Boyde,* as appellant points out, the prosecutor stated:

> You will never find me defending criminals in this or any other county. You will never find me accepting stolen money, stolen merchandise as a fee. You will never find me standing up here and trying to get a murder.... *Id,* at 591.

Appellant also cites *Bray v. State,* 478 S.W.2d 89 (Tex.Cr.App.1972) (wherein the prosecutor argued that he was grateful to be employed by the people of Dallas County and not have to make his living representing robbers), and *Lewis v. State,* 529 S.W.2d 533 (Tex.Cr.App.1975) (wherein the prosecutor argued that he had "taken a solemn oath to God to seek justice. You judge whether or not we have done it. No such oath bears on either of these attorneys [defense counsel"]). Both *Bray* and *Lewis* resulted in reversal, despite the fact that the objections were not properly preserved, the Court holding that an instruction to disregard would not have cured the prejudicial effect of the statement. *Bray,* at 90; *Lewis,* at 534.

The statement "so long as lawyers are for hire, justice is for sale" is not as direct an attack upon defense counsel for accepting employment to represent a person accused of crime as the arguments made in *Bray* and *Lewis, supra;* however, the import of such a statement is identical when viewed in light of the Court's reasoning in *Boyde, supra.*

Appellant's second ground of error is sustained; therefore, we need not deal here with the other two grounds. *Coberly v. State,* 644 S.W.2d 734 (Tex.Cr.App.1983).

The judgment of the trial court is reversed and the cause remanded for new trial.