ACCEPTED
01-14-00901-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/25/2015 5:55:22 PM
CHRISTOPHER PRINE
CLERK

## No. 01-14-00901-CR

## IN THE COURT OF APPEALS
## FOR THE FIRST DISTRICT OF TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

6/25/2015 5:55:22 PM

CHRISTOPHER A. PRINE
Clerk

### TRAVIS LAMB
*Appellant*

v.

### THE STATE OF TEXAS
*Appellee*

On Appeal from Cause No. 1394200
From the 351st Judicial District Court of Harris County, Texas

### APPELLANT'S SUPPLEMENTAL BRIEF IN LIGHT OF *MCFADDEN V. UNITED STATES*

**Oral Argument Requested**

**ALEXANDER BUNIN**
Chief Public Defender
Harris County, Texas

NICOLAS HUGHES
Assistant Public Defender
Harris County, Texas
TBN: 24059981
1201 Franklin St., 13th Floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax:     (713) 437-4316
nicolas.hughes@pdo.hctx.net

**ATTORNEY FOR APPELLANT**

## I. *McFadden v. United States* and the culpable mental state in federal controlled substance act cases

Like Appellant's case, *McFadden v. United States* focuses upon the culpable mental state needed for conviction in a controlled substance case. *McFadden v. United States*, --- S.Ct. ----, No. 14–378 (June 18, 2015). In *McFadden v. United States*, the Supreme Court considered the case of a defendant selling "bath salts" and convicted under the Controlled Substances Act for delivery of a controlled substance analogue and for conspiracy. *Id.* at *3; 21 U.S.C. §§ 813, 841. When chemical analysis was performed on the "bath salts," several notable substances were detected, including: 3,4–Methylenedioxypyrovalerone (MDPV), 3,4–Methylenedioxy–N–methylcathinone (Methylone), and 4–Methyl–N–ethylcathinone (4–MEC). *Id.* at *2-3. The specific question answered by McFadden is what culpable mental state the government was required to prove in order to support a conviction where the controlled substance in question was a chemical analogue. *Id.* at *6-7; 21 U.S.C. § 813.

**A. To support a conviction under 21 U.S.C. § 841, the government must prove either that a defendant knew the nature of a particular substance or that the defendant knew generally that the substance was some controlled substance**

In *McFadden v. United States*, the district court "instruct[ed] the jury that the statute required that 'the defendant knowingly and intentionally distributed a mixture or substance that has' substantially similar effects on the nervous system as a

2

controlled substance and '[t]hat the defendant intended for the mixture or substance to be consumed by humans.'" *Id.* at *3. The Supreme Court explained that under the federal Controlled Substances Act, it is "unlawful for any person knowingly or intentionally ... to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." *Id.* at *4; 21 U.S.C. § 841(a)(1). The Supreme Court further explained that there were two separate manners by which the government can prove the requisite culpable mental state: either the government can prove that the defendant knew the specific identity of the substance he possessed or that the defendant knew he possessed a scheduled controlled substance, even if he did not know the specific identity of the particular substance. *Id.* at *5.

**B. To support a conviction involving a controlled substance analogue, the government must prove either that defendant knew the nature of the analogue or that the defendant knew generally that he possessed some illegal controlled substance analogue**

The Supreme Court then turned its attention to the interplay of the Controlled Substance Analogue Enforcement Act and the Controlled Substances Act. *Id.* at *6-7. The Supreme Court held:

> First, it can be established by evidence that a defendant knew that the substance with which he was dealing is some controlled substance—that is, one actually listed on the federal drug schedules or treated as such by operation of the Analogue Act—regardless of whether he knew the particular identity of the substance. Second, it can be established by

> evidence that the defendant knew the specific analogue he was dealing with, even if he did not know its legal status as an analogue.

*Id.* at *7. The Supreme Court added that a person that possesses a substance with knowledge of the chemistry of a particular drug "knows all of the facts that make his conduct illegal." *Id.* at *7-8. However, the Supreme Court expressly rejected the government's contention that it must only prove 'that the defendant knowingly and intentionally distributed a mixture or substance … that … was a controlled substance analogue … with the intent that it be consumed by humans." *Id.* at *3. Much like the legal standard for typical controlled substances, the Supreme Court held that the government was required to prove that the defendant was required to know either the specific identity or illicit nature of a controlled substance analogue. *Id.* at *1-2.

## II. The Texas Controlled Substances Act requires proof of comparable culpable mental states to those explored in *McFadden v. United States*

Texas law acts in a similar fashion to the federal Controlled Substances Act. The prosecution may prove that a person knew that they possessed a particular illicit substance: "a person commits an offense if the person knowingly or intentionally possesses a controlled substance listed in Penalty Group 1." TEX. HEALTH & SAFETY CODE § 481.115. Alternatively, the prosecution may prove that a person knowingly possessed some illicit drug, even if the person does not know what specific drug the person possesses: "[a] person is nevertheless criminally responsible for causing a result if the only difference between what actually occurred and what he desired,

contemplated, or risked is that a different offense was committed." TEX. PENAL CODE § 6.04(b)(1). For example, a person who believes he possesses heroin but actually possesses cocaine may be convicted for possession of cocaine. *See Mendoza v. State*, 636 S.W.2d 198, 200–201 at n.2 (Tex. Crim. App. 1982). Similar to the federal Controlled Substances Act, the Texas Controlled Substances Act does not provide for the prosecution of a defendant who possesses a controlled substance who intends to consume the substance unless the person is aware of the nature or illegality of the substance. For example, a person smoking synthetic marijuana openly sold by a "smoke shop," honestly believing the synthetic marijuana to be a new legal high and not having the faintest ideas of the chemistry of the synthetic marijuana mixture does not intentionally or knowingly possess a controlled substance listed in a penalty group simply because AB-FUBINACA happens to be discovered in the mixture after laboratory analysis.

## III. The State failed to prove that Appellant knew that the "crystalline substance" contained cocaine and further failed to prove that Appellant knew the "crystalline substance" was some controlled substance or other illegal drug

The Appellant's brief goes through great lengths to show that the State offered no proof that Appellant knowingly possessed cocaine. As repeatedly argued, the State's proof all tends to indicate that Appellant genuinely believed that he possessed "bath salts." (4 R.R. at 17, 40). It is important that this case involves "bath salts" and not a traditional drug: "[u]nlike a drug like cocaine, which is made with a natural

5

process, bath salts are made in a lab and constantly changing. The drug is designed specifically to skirt the law and test the bounds of new chemicals." *Synthetic 'Bath Salts' An Evolving Problem For DEA,* KQED PUBLIC MEDIA FOR NORTHERN CA, *available at* http://www.kqed.org/news/story/2012/06/30/99760/synthetic_bath_salts_an_evolving_problem_for_dea (last visited June 25, 2015). Without proof that a user of a designer drug like "bath salts," often sold openly in public Texas businesses, knew the legal status or chemical structure of the seemingly legal "bath salts" sold in a particular formulation, this Court should find that there is insufficient evidence to support the culpable mental state required for the user's conviction. As the State offered no reason to show that Appellant knew or should have known the substance Appellant possessed was actually a controlled substance and not some "legal high," the State failed to prove the culpable mental state in this case.

Respectfully submitted,

**ALEXANDER BUNIN**
Chief Public Defender
Harris County Texas

**/s/** Nicolas Hughes
**NICOLAS HUGHES**
Assistant Public Defender
Harris County Texas
1201 Franklin Street, 13th Floor
Houston Texas 77002
(713) 368-0016
(713) 386-9278 fax
TBA No. 24059981
nicolas.hughes@pdo.hctx.net

## CERTIFICATE OF SERVICE

I certify that a copy of this Appellant's Supplemental Brief (Lamb) has been served upon the Harris County District Attorney's Office — Appellate Section, on June 25, 2015, by electronic service.

/s/ Nicolas Hughes
**NICOLAS HUGHES**
Assistant Public Defender

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of TEX. R. APP. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the page and word count limitations of TEX. R. APP. P. 9.4(i), if applicable, because it contains 1,112 words excluding portions not to be counted under TEX. R. APP. P. 9.4(i)(1).

/s/ Nicolas Hughes
**NICOLAS HUGHES**
Assistant Public Defender