IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-429-CR





HOMER LEE SHAW,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT



NO. 93-010, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING



 





PER CURIAM

 A jury found appellant guilty of possessing less than twenty-eight grams of cocaine
and assessed punishment at imprisonment for five years and a $1000 fine. Texas Controlled
Substances Act, Tex. Health & Safety Code Ann. § 481.115 (West 1992). On the jury's
recommendation, the district court suspended imposition of sentence and placed appellant on
probation. In his only point of error, appellant claims the evidence is legally insufficient to
sustain the conviction.

 On the night in question, Lockhart police officers A. D. Bethea and Jess Tippie
were watching a group of people gathered in front of a night club from a secluded area across the
street. As they watched, two men left the club and walked to a parked car about twenty feet from
the officers. These men were soon joined by a third man, appellant, who also left the club. One
of the men, Troy Melancon, reached into the car and took out a plastic bag, which he placed on
the hood of the car. Then he and appellant bent over the hood. Bethea stated that appellant "bent
over the hood of the car, and raised his hand up to his nose, and appeared to be in a position as
if to snort or sniff a controlled substance." The officers approached the men, who appeared to
be surprised by their presence, and saw a line of white powder on the car hood. Appellant was
holding a dollar bill that had been rolled into a tube, which he tried to put in his pocket. Bethea
testified that currency rolled in this manner is commonly used to ingest cocaine through the nose. 
The officers placed the suspect powder in a plastic bag, which was later delivered to a Department
of Public Safety chemist. The chemist testified that the substance in the bag was cocaine. The
chemist said he did not weigh the cocaine because the amount was too small.

 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). In
circumstantial evidence cases, it is no longer necessary that the evidence exclude all reasonable
hypotheses except the defendant's guilt. Geesa, 820 S.W.2d at 161.

 To establish the unlawful possession of a controlled substance, the State must prove
that the accused knowingly exercised care, custody, or control over the substance. Cude v. State,
716 S.W.2d 46, 47 (Tex. Crim. App. 1986). Possession need not be exclusive, but can be jointly
exercised with other persons. Id. When possession is not exclusive, there must be additional
facts affirmatively linking the accused to the contraband. Id. When the quantity of substance is
too small to be measured, there must be evidence other than its mere possession to prove that the
accused knew the nature of the substance. Shults v. State, 575 S.W.2d 29, 30 (Tex. Crim. App.
1979).

 Appellant argues that the evidence in this cause, while perhaps suggestive of guilt,
does not amount to sufficient proof under the Jackson standard. We disagree. The jury could
rationally conclude that the white powder on the hood of the car was cocaine. The jury also could
rationally conclude that Melancon placed the cocaine on the hood of the car after appellant joined
the group. From the testimony describing appellant bending over the hood of the car and placing
his hand to his nose, and from his possession of the rolled up dollar bill, the jury could rationally
infer that appellant inhaled a portion of the cocaine put there by Melancon. This behavior
evidenced appellant's knowledge that the substance was cocaine. By inhaling cocaine, knowing
it was cocaine, appellant knowingly exercised control over the cocaine. 

 Appellant suggests that the substance Melancon placed on the hood of his car on
the night in question may not have been cocaine, and that the cocaine later found by the officers
was a residue from some previous incident in which appellant was not involved. Alternatively,
he hypothesizes that the powder seized by the officers was not cocaine, and that the positive test
results were the product of previous contamination of the plastic bag or of the index card the
officers used to scrape the powder into the bag. Even if this were a pre-Geesa prosecution, we
would not consider either of these alternative hypotheses reasonable on this record.

 We hold that the evidence in this cause, viewed in the light most favorable to the
verdict, supports the jury's finding beyond a reasonable doubt that appellant knowingly possessed
cocaine. The point of error is overruled.

 The judgment of conviction is affirmed.

 

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: April 20, 1994

Do Not Publish