SL Brewer v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-012-CR

     S.L. BREWER, III,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 220th District Court
Hamilton County, Texas
Trial Court # 01-06-07153-HCCR
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

     A jury convicted S. L. Brewer, III of possession of methamphetamine, less than one gram. 
The court sentenced him to serve one year in a State Jail Facility. He appeals the court’s rulings
on a motion to suppress evidence and a related jury-charge issue and questions whether the
evidence is legally and factually sufficient to support his conviction. We will affirm the judgment.
      Sheriff’s deputies were called to a residence in Hamilton. The resident reported that Brewer
was intoxicated and in possession of methamphetamine and drug paraphernalia located in a bag
in the back of a pickup parked nearby. Brewer then arrived on foot. 
      Officer Inocencio testified that the following events occurred. He had a conversation with
Brewer, who appeared to be intoxicated. Brewer denied having any property on the premises but
did admit to past involvement with methamphetamine. When Inocencio confronted Brewer about
the bag in the truck, Brewer admitted it was his and that it contained drug paraphernalia and
methamphetamine residue, but he denied the bag contained an appreciable quantity of
methamphetamine. During this conversation, Brewer opened the bag and showed Inocencio the
contents. Inocencio saw syringes and a green pouch. Brewer voluntarily turned over the bag and
its contents. During the course of arresting Brewer for possession of the drug paraphernalia, all
the items were placed in a plastic bag. During this, Inocencio saw a small baggie containing white
powder ten inches from Brewer’s feet. Brewer reminded Inocencio that the officer never saw
Brewer in possession of the baggie. Inocencio testified that Brewer then gave him consent to
search the bag, but Inocencio found no other illegal substances or items. Later, the substance in
the baggie found at Brewer’s feet tested positive for a very small amount of methamphetamine,
and methamphetamine residue was found on an item inside Brewer’s bag. The green pouch was
found to contain several items of drug paraphernalia.
      At a hearing on Brewer’s motion to suppress evidence, Brewer’s testimony about the events
was different from Inocencio’s. (He did not testify at trial.) He said he asked Inocencio if there
was a search warrant for his bag, and Inocencio replied that such a request was probable cause to
arrest him. Brewer said he believed the officers had authority to search his bag without a warrant
and that he was going to be arrested. He also said he was not given the Miranda warnings until
the search was over.
Motion to Suppress
      Brewer complains that his motion to suppress the evidence of the drugs, drug paraphernalia,
and his oral statements at the scene should have been granted. He says there was no warrant and
no probable cause to search his bag, he did not give consent to search, and he was in custody. 
Therefore, the officers should have administered the warnings required by Miranda before
questioning him. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
      Generally, a trial court’s denial of a motion to suppress is reviewed for abuse of discretion. 
Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). There is an abuse of discretion
“when the trial judge's decision was so clearly wrong as to lie outside that zone within which
reasonable persons might disagree." Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim. App.
1992); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh’g).
      We give “almost total deference” to (a) the trial court’s rulings on questions of historical fact
and (b) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. 
Johnson v. State, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002) (citing Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997)). And, in the absence of explicit findings, the appellate
court assumes the trial court made whatever appropriate implicit findings that are supported by
the record. Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000); Guzman, 955
S.W.2d at 89-90.
      Inocencio and Brewer told different stories. Thus, the question turns on an evaluation of
credibility and demeanor. If the court found Inocencio credible, which evidently it did, then it
could find that Brewer gave consent to search his bag and neither a warrant nor probable cause
was necessary.


 Furthermore, according to Inocencio, at the time the drug paraphernalia was
discovered, and during the conversation he had with Brewer, Brewer was not under arrest or even
detained, and therefore he was not entitled to Miranda warnings before Inocencio asked him
questions.
      Based on Inocencio’s testimony, which the trial court was entitled to believe, we find that the
trial court did not abuse its discretion in overruling the motion to suppress. We overrule the issue.
Sufficiency of the Evidence
      Next, Brewer complains that the evidence is legally and factually insufficient to support his
conviction. In reviewing a legal sufficiency challenge, we view all the evidence in the light most
favorable to the verdict and determine whether a rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Lane v. State, 933 S.W.2d 504, 507
(Tex. Crim. App. 1996) (citing due process standard from Jackson v. Virginia, 443 U.S. 307, 99
S.Ct. 2781, 61 L.Ed.2d 560 (1979)). In reviewing a factual sufficiency claim, we “ask[] whether
a neutral review of all the evidence, both for and against the finding, demonstrates that the proof
of guilt is so obviously weak as to undermine confidence in the jury’s determination, or the proof
of guilt, although adequate if taken alone, is greatly outweighed by contrary proof” “to the extent
that the [finding of guilt] is clearly wrong and manifestly unjust.” Johnson v. State, 23 S.W.3d
1, 11 (Tex. Crim. App. 2000). The court does not view the evidence through the prism of “in the
light most favorable to the prosecution.” Id. at 7 (quoting Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996)); see also Goodman v. State, 66 S.W.3d 283, 285-86 (Tex. Crim. App.
2001).
      It is true that mere presence at the scene does not prove possession; there must be evidence
“affirmatively linking” the accused to the contraband which shows the accused had knowledge of
and control over the contraband. Martin v. State, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988).


 
However, we do not need to decide whether the evidence is sufficient to link Brewer to the baggie
found near his feet, because there was a residual amount of methamphetamine found on an item
inside his bag.
      To meet its burden, the State must prove that Brewer (1) exercised actual care, control, and
management over the contraband, and (2) knew that the substance was contraband. King v. State,
895 S.W.2d 701, 703 (Tex. Crim. App. 1995). Here, a measurable residue of methamphetamine
was found on objects in Brewer’s bag, and therefore it was in his “actual care, control, and
management.” Therefore, a rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt, and the evidence is legally sufficient. Lane, 933 S.W.2d at 507.
      Furthermore, Inocencio said Brewer initially told the officer there was residue inside the bag,
which shows “knowledge.” See Shults v. State, 575 S.W.2d 29, 30 (Tex. Crim. App. 1979)
(possession alone may prove “knowledge” if the amount of contraband can be measured
quantitatively). Considering all the evidence, we find that the proof of guilt is not so obviously
weak as to undermine confidence in the jury’s determination, nor is it greatly outweighed by
contrary proof to the extent that the finding of guilt is clearly wrong and manifestly unjust. 
Johnson, 23 S.W.3d at 11. Therefore, the evidence is factually sufficient.
      We overrule the issue.
Jury Charge
      Finally, Brewer complains that the trial court should have granted his requested jury-charge
instruction that mere presence at the scene does not prove “possession.” The charge gave the
following two instructions:
By the term “possession” is meant actual care, custody, control or management of the
controlled substance. 
 
With respect to the “possession” charged, you are instructed that such possession is a
voluntary act if the possessor is aware of his control of the thing for a sufficient time to
permit him to terminate his control. 

      Assuming without deciding that the requested instruction should have been given, when, as
here, a complaint about an error in the charge is properly preserved, reversal is required if the
error caused “some” harm to the accused. Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon
Supp. 2002); Ovalle v. State, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000) (quoting Almanza v.
State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984)). “[T]he presence of any harm, regardless
of degree, which results from preserved charging error, is sufficient to require a reversal of the
conviction. Cases involving preserved charging error will be affirmed only if no harm has
occurred.” Arline v. State, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986) (emphasis in original). 
When we are evaluating whether charge error caused harm to the accused, we consider: (1) the
entire jury charge; (2) the evidence produced at trial, the contested issues, and the weight of the
probative evidence; (3) the attorney’s arguments; and (4) any other relevant information revealed
by the record of the trial as a whole. Ovalle, 13 S.W.3d at 786 (quoting Almanza, 686 S.W.2d
at 171).
      It was undisputed that methamphetamine residue was found on an item inside Brewer’s bag,
and defense counsel made only an equitable closing argument about this irrefutable fact. 
Furthermore, the jury was instructed that Brewer had to be in “actual care, custody, control or
management of the controlled substance.” Applying the Ovalle factors, we do not find that the
denial of the requested instruction caused any harm to Brewer.
      We overrule the issue.
Conclusion
      Having overruled Brewer’s issues, we affirm the judgment.

                                                                         BILL VANCE
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed July 31, 2002
Do not publish
[CR25]