**Affirmed and Memorandum Opinion filed August 9, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00599-CR

**ALBERT JAMES BROADNAX, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1431505**

## M E M O R A N D U M   O P I N I O N

Albert James Broadnax was found guilty of possession of a controlled substance, specifically less than one gram of cocaine, and sentenced to eighteen months' confinement in state jail. In one issue, appellant alleges the evidence was insufficient to support the jury's finding that he knowingly possessed cocaine. We affirm.

**BACKGROUND**

James Mabasa, III has been a police officer for more than 20 years. In June 2014, Mabasa was assigned to the Differential Response Team ("DRT") of the Houston Police Department. The DRT targets areas in response to neighborhood complaints and tries to rid those areas of criminal activity. On June 9, 2014, Mabasa was assigned to the 1500 block of Eagle, located under Highway 59 in midtown Houston. The police department had received complaints regarding an abandoned house on Eagle. The complaints reported drug and alcohol usage, trespassers, drug paraphernalia, and litter on the property. Mabasa had seen drug activity at that location more than once.

Mabasa went to the abandoned house as part of his patrol duties. He entered the backyard and saw appellant ten to twelve feet away. Appellant had an object in his mouth, which Mabasa knew from his training and experience was a crack cocaine pipe. When appellant saw Mabasa, appellant threw the pipe to the ground. Mabasa approached appellant and handcuffed him. Appellant's eyes were glassy and his speech was slurred. Those conditions, plus appellant's demeanor, the way he walked, and the way he responded to questions led Mabasa to believe, based on his training and experience, that appellant was intoxicated. Appellant did not resist arrest or try to flee.

Mabasa then retrieved the crack pipe, which was made of clear glass. The pipe was warm when Mabasa picked it up. From his experience, Mabasa believed the pipe was warm from having just been smoked. The glass of the pipe was "fogged up, hazed up with a white substance," which was later determined to be cocaine. Cocaine was also visible in the pipe's filter.

Mona Colca is a forensic analyst with the Houston Forensic Science Center. At the time of trial, she had worked in that position for almost 10 years. She tested

the substance found in the crack pipe Mabasa retrieved from the ground and determined it contained a trace amount of cocaine. "Trace" is the term used to describe the residue of a substance. Residue cannot be weighed accurately because it cannot be separated from the object to which it is attached.

Mabasa and Colca testified for the State. On the State's motion, the trial court admitted into evidence several photographs of the area where appellant was found, the lab report, and the crack pipe. Appellant moved for a directed verdict at the close of the State's case, and the trial court denied the motion. Appellant presented two photographs, which the trial court admitted into evidence, but he did not testify or call witnesses. The jury found appellant guilty and recommended a sentence of eighteen months' confinement in state jail. The trial court signed a judgment on the jury's verdict and recommendation and certified appellant's right to appeal.

**ANALYSIS**

Appellant asserts the evidence is insufficient to support his conviction because the State did not prove he knowingly possessed cocaine.

## I.    Standard of review

The legal sufficiency standard of review is the only standard we apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). When reviewing the legal sufficiency of the evidence, we consider the evidence in the light most favorable to the verdict. In making this review, we consider all evidence in the record, whether it was admissible or inadmissible. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a

3

conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015).

The jury is the sole judge of the credibility and weight to be attached to the testimony of witnesses. *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). We defer to the jury's responsibility to fairly resolve or reconcile conflicts in the evidence, and we draw all reasonable inferences from the evidence in favor of the verdict. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). In conducting a sufficiency review, we do not engage in a second evaluation of the weight and credibility of the evidence, but ensure only that the jury reached a rational decision. *Young v. State*, 358 S.W.3d 790, 801 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd).

Reconciliation of conflicts in the evidence is within the exclusive province of the fact finder. *See Mosley v. State*, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998). The appellate court's duty is not to reweigh the evidence, but to serve as a final due process safeguard ensuring only the rationality of the fact finder. *See Williams v. State*, 937 S.W.2d 479, 483 (Tex. Crim. App. 1996). An appellate court faced with a record of facts that supports conflicting inferences must presume— even if not obvious from the record—that the finder of fact resolved any such conflicts in favor of the State, and must defer to that resolution. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).

## II.     Knowledge of immeasurable amount of controlled substance

To support a conviction for possession of a controlled substance, the State must prove appellant: (1) exercised actual care, control and management over the contraband; and (2) knew the substance in his possession was contraband. *King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995); Tex. Health & Safety Code

4

Ann. § 481.115 (West 2010). Where, as here, the quantity of a substance possessed is too small to be measured, there must be evidence other than mere possession to prove the defendant knew the substance was a controlled substance. *Shults v. State*, 575 S.W.2d 29, 30 (Tex. Crim. App. [Panel Op.] 1979). The State must prove appellant knew the substance in the pipe was cocaine. *King*, 895 S.W.2d at 703.

In *King*, cocaine residue was visible on a crack pipe, but the amount of cocaine was immeasurable. *King*, 895 S.W.2d at 704. The arresting officer believed the pipe had been smoked very recently because the stem of the pipe was moist with saliva. *Id.* King appeared to be intoxicated when he was arrested. *Id.* The Court of Criminal Appeals held the evidence was legally sufficient to sustain the conviction. *Id.*

The facts in this case are nearly identical to those in *King*. Cocaine residue was visible in the crack pipe appellant threw to the ground just before he was handcuffed. Mabasa believed the pipe was recently smoked because it was warm to the touch. He also believed appellant was intoxicated. As in *King*, this evidence is legally sufficient to support the jury's finding that appellant knowingly possessed cocaine. *See King*, 895 S.W.2d at 704.

On appeal, appellant contends no rational trier of fact could have believed he knew cocaine was in the pipe because: (1) although the house was in a known drug area, no drug paraphernalia other than the crack pipe was found near appellant; (2) Mabasa was too far away to see the crack pipe at appellant's lips, and he did not claim to see a match or lighter to heat the pipe; (3) the pipe could have been warm due to the hot June temperature; and (4) Mabasa did not perform any tests to determine if appellant was intoxicated. In effect, appellant says the jury should not have believed Mabasa. The jury is the sole judge of credibility and weight to be attached to testimony, *Mosley*, 983 S.W.2d at 254, and we must presume the jury

5

resolved conflicting inferences in favor of the State. *Jackson*, 443 U.S. at 326. We cannot say this jury acted irrationally in finding appellant knew he had cocaine.

Viewed in the light most favorable to the verdict, we conclude the evidence is sufficient to sustain the conviction. We overrule appellant's sole issue.

### CONCLUSION

We affirm the judgment of the trial court.

/s/    Martha Hill Jamison
       Justice

Panel consists of Justices Boyce, Christopher, and Jamison.
Do Not Publish — Tex. R. App. P. 47.2(b).