**Opinion filed September 23, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00366-CR

_____

## KAREN WINDAM BROWN A/K/A CAREN JEAN WINDHAM, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CR26598**

## MEMORANDUM OPINION

Appellant, Karen Windam Brown a/k/a/ Caren Jean Windham, was indicted for the third-degree felony offense of knowingly possessing less than one gram of methamphetamine in a drug-free zone. TEX. HEALTH & SAFETY CODE ANN. §§ 481.115(b), 481.134(d)(1) (West 2017). Appellant waived her right to a jury trial, and after a bench trial, the trial court found Appellant guilty of the indicted offense,

found an enhancement allegation to be true, and assessed her punishment at five years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. The trial court sentenced Appellant accordingly. In a single issue, Appellant challenges the legal sufficiency of the evidence to support her conviction. We affirm.

## I. *Factual Background*

On July 27, 2018, Officers James Wells and Kayla Moore of the Brownwood Police Department were dispatched to the Savoy apartment complex to investigate an aggravated robbery complaint. The Savoy apartment complex is located within one thousand feet of the Brownwood Middle School and is known by law enforcement to be situated in an area with a high-crime rate and a propensity for significant drug trafficking. Upon arriving at the apartment complex, Officers Wells and Moore made contact with the complainant, David West, who advised that Appellant had threatened him with a gun. West further advised the officers that Appellant was a resident of the apartment complex, and he directed the officers to the unit where Appellant resided.

Officers Wells and Moore knocked on the door of the apartment where Appellant purportedly resided. Appellant opened the door and allowed both officers to enter her apartment; Appellant was alone. After they entered, Officer Wells saw the ceramic "fake gun" that Appellant used to threaten West. As Officer Wells conversed with Appellant about the circumstances of the threats that Appellant had made to West, Officer Moore noticed two pipes in plain view on Appellant's coffee table. The pipes resembled methamphetamine pipes and were located inside a koozie. Officer Moore also observed that the pipes contained visible burnt residue, which indicated that the pipes had been used.

Appellant told the officers that she did not use methamphetamine and that she had not used the pipes for any type of drug use, on that date or any other date. She

2

testified at trial that she most likely purchased the pipes and various other items at a garage sale; however, Officer Wells testified that Appellant told him that she obtained the pipes from another man, whose name she could not recall. The pipes discovered in Appellant's apartment were seized by the officers, and Appellant was arrested.

As a result of a limited search of Appellant's apartment, no methamphetamine was found. However, one of the pipes that was seized from Appellant's apartment was field tested by Officer Moore, and the contents of the same pipe was later analyzed by William L. Todsen, a forensic chemist with the Texas Department of Public Safety. The results of Todsen's forensic testing revealed that the pipe contained a trace amount of methamphetamine.

During her interaction with Officers Wells and Moore, Appellant was agitated; her body was constantly twitching; and she "rambled" when she spoke to them. Appellant's erratic and agitative behavior persisted as she was transported to the law enforcement center in Brownwood. According to Officer Wells, Appellant's behavior was consistent with methamphetamine use. Nevertheless, Appellant, and other witnesses who testified on her behalf, stated that the effects of Appellant's prolonged, excessive alcohol consumption caused her to shake, to become irritable, and to act erratically.

## II. *Standard of Review – Sufficiency of the Evidence*

In her sole issue, Appellant contends that the evidence is legally insufficient to support her conviction. Specifically, Appellant contends that the evidence cannot support her conviction for *knowingly* possessing a controlled substance as charged because (1) the pipes that were seized from her apartment only contained a trace amount of methamphetamine that could not be weighed or measured and (2) no "other evidence" existed to link Appellant to the methamphetamine or to show that she knew the substance in either pipe was methamphetamine.

We review a challenge to the sufficiency of the evidence, regardless of whether it is denominated as a legal or factual sufficiency challenge, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App. 2018); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

Viewing the evidence in the light most favorable to the verdict requires that we consider all of the evidence admitted at trial, including improperly admitted evidence. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). As such, we defer to the factfinder's credibility and weight determinations because the factfinder is the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Winfrey*, 393 S.W.3d at 768; *Brooks*, 323 S.W.3d at 899; *Clayton*, 235 S.W.3d at 778. This deference accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Zuniga*, 551 S.W.3d at 732; *Clayton*, 235 S.W.3d at 778. We may not reevaluate the weight and credibility of the evidence to substitute our judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Therefore, if the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012); *Clayton*, 235 S.W.3d at 778.

Because the standard of review is the same, we treat direct and circumstantial evidence equally. *Isassi*, 330 S.W.3d at 638; *Clayton*, 235 S.W.3d at 778; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). It is not necessary that the evidence directly prove the defendant's guilt. Rather, circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor and can, without more, be sufficient to establish his guilt. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Hooper*, 214 S.W.3d at 13). A guilty verdict does not require that every fact must directly and independently prove a defendant's guilt. *Hooper*, 214 S.W.3d at 13. Instead, the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Id.* Therefore, in evaluating the sufficiency of the evidence, we must consider the cumulative force of all the evidence. *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017); *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015).

### III. *Analysis*

A person commits the offense of possession of a controlled substance if she intentionally or knowingly possesses a controlled substance in the applicable penalty group without a valid prescription. *See* HEALTH & SAFETY § 481.115(a), (b). Possession is defined as "actual care, custody, control, or management." TEX. PENAL CODE ANN. § 1.07(a)(39) (West 2021). Therefore, to prove unlawful possession of a controlled substance, the State must show beyond a reasonable doubt that (1) the defendant exercised actual care, custody, control, or management over the substance and (2) the defendant knew the substance in her possession was contraband. *Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016); *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995); *Hughitt v. State*, 539 S.W.3d 531, 538 (Tex. App.—Eastland 2018), *aff'd*, 583 S.W.3d 623 (Tex. Crim. App. 2019).

To be convicted of this offense, there is no requirement that the defendant must possess a usable amount of a controlled substance. *Joseph v. State*, 897 S.W.2d

374, 376 (Tex. Crim. App. 1995); *see* HEALTH & SAFETY § 481.002(38) (West Supp. 2020), § 481.115(a) (West 2017). Instead, it has been held that, "when the quantity of a substance possessed is so small that it cannot be measured, there must be evidence other than mere possession to prove that the defendant knew the substance in [her] possession was a controlled substance." *King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995) (quoting *Shults v. State*, 575 S.W.2d 29, 30 (Tex. Crim. App. [Panel Op.] 1979)); *see also Joseph*, 897 S.W.2d at 376. While one's presence at the location where the drugs are found is, without more, insufficient to prove possession, such presence can be sufficient to establish possession when combined with "other evidence." *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006). As such, the evidence must be analyzed in combination, rather than independently, to determine if it is sufficient to prove each element of the charged offense beyond a reasonable doubt. *Id.* at 166.

Appellant contends that the State did not establish that she *knowingly* possessed a controlled substance because the State did not link Appellant to the methamphetamine that was found in the pipe that was discovered in her apartment. Thus, Appellant would appear, in part, to rely upon the "affirmative links rule" in support of her challenge to the sufficiency of the evidence. *See Evans*, 202 S.W.3d at 162; *Pollan v. State*, 612 S.W.2d 594, 596 (Tex. Crim. App. [Panel Op.] 1981).

"The 'affirmative links rule' is designed to protect the innocent bystander from conviction based solely upon his fortuitous proximity to someone else's drugs." *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005), *overruled in part on other grounds by Robinson v. State*, 466 S.W.3d 166 (Tex. Crim. App. 2015). Therefore, if the accused was not in *exclusive possession of the location where the substance was found*, it cannot be concluded that the accused had knowledge of or control over the contraband unless additional independent facts and circumstances exist to affirmatively link the accused to the contraband. *Poindexter*, 153 S.W.3d at

6

406; *see Evans*, 202 S.W.3d at 162 n.12 (listing affirmative links recognized by courts).[1] The number of "links" that can be identified is not particularly significant; rather, what is controlling is the "logical force" or degree to which the "links" that, alone or in combination, do exist and tend to affirmatively link the accused to the contraband. *Evans*, 202 S.W.3d at 162.

Here, whether characterized as "other evidence" or simply evidence that "linked" Appellant to the contraband that the officers discovered and seized from her apartment, the State adduced, and the record contains, sufficient evidence that Appellant *knowingly* possessed a controlled substance as charged in the indictment. Such evidence, although not particularly exhaustive, included that: (1) Appellant was alone and the only resident of the apartment where the pipes that contained methamphetamine were discovered; (2) no one, except Appellant, had access to the apartment; (3) Appellant had exclusive possession of the apartment when Officers Wells and Moore were granted entry to the apartment; (4) the officers noticed two pipes that resembled methamphetamine pipes in plain view on the coffee table in Appellant's apartment; (5) Appellant had exclusive control of the pipes; (6) the pipes were within her reach and accessible to her; (7) Appellant's demeanor and behavioral traits throughout her interactions with the officers (agitation, twitchy and fidgety body movements, and rambling speech) were consistent with and indicative of methamphetamine use; and (8) Appellant's apartment was located in a high-crime

---

[1]Courts have identified the following non-exclusive factors as affirmative links that may establish an accused's knowing possession of a controlled substance or other contraband: (1) the accused's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the accused's proximity to, and accessibility of, the contraband; (4) whether the accused was under the influence of narcotics when arrested; (5) whether the accused possessed narcotics or other contraband when arrested; (6) whether the accused made incriminating statements when arrested; (7) whether the accused attempted to flee; (8) whether the accused made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the accused owned or had the right to possess the place where the contraband was found; (12) whether the place where the contraband was found was enclosed; (13) whether the accused was found with a large amount of cash; and (14) whether the conduct of the accused indicated a consciousness of guilt. *Evans*, 202 S.W.3d at 162 n.12.

area that was known by law enforcement to involve a high level of drug trafficking. *See Evans*, 202 S.W.3d at 163 (holding that the defendant exercised care, custody, and control over drugs on a coffee table directly in front of him partly because the contraband was in plain view and within arm's reach).

Furthermore, if additional facts and circumstances ("other evidence") establishes a person's knowledge or control of a substance, the State need not show that a minimum amount of the substance exists or that the substance possessed is observable or visible to the naked eye in order to prove one's *knowing* possession of a controlled substance. *See Joseph*, 897 S.W.2d at 376; *Cantu v. State*, 546 S.W.2d 621, 622 (Tex. Crim. App. 1977). As enumerated above, the record before us is replete with such "other evidence." Additionally, although forensic testing revealed the presence of methamphetamine in one of the pipes that was seized from Appellant's apartment, albeit a trace amount, to show the *knowing* possession of a controlled substance the State is not required to establish that the amount of the controlled substance is either measurable or subject to being assigned a specific weight. *See King*, 895 S.W.2d at 704; *Johnson v. State*, 843 S.W.2d 238, 239 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd) (no minimum weight of the contraband is required to sustain a conviction for possession of a controlled substance). Here, and contrary to Appellant's contention, we cannot say that the evidence in the record before us is insufficient to support her conviction.

The factfinder is authorized to believe all, some, or none of any witness's testimony. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992); *Reyes v. State*, 465 S.W.3d 801, 805 (Tex. App.—Eastland 2015, pet. ref'd) (citing *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986)); *see Winfrey*, 393 S.W.3d at 768; *Brooks*, 323 S.W.3d at 899. Notwithstanding the testimony of Appellant and the witnesses she presented at trial, when, as in this case, the evidence conflicts, the applicable standard of review requires that we presume the factfinder resolved any

conflicts in favor of the verdict, and we defer to the factfinder's determination in that regard. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778. It is the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. It is not our role or function to engage in or make credibility determinations. *See Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778; *Sanders v. State*, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003). Therefore, we resolve any conflicting inferences, if supported by the record, in favor of the factfinder's determinations. *Jackson*, 443 U.S. at 326; *Merritt*, 368 S.W.3d at 525–26; *Clayton*, 235 S.W.3d at 778.

Consistent with the applicable standards of review, we have carefully reviewed all of the evidence in the light most favorable to the trial court's verdict and judgment. Irrespective of Appellant's contentions, we hold that the record before us contains sufficient evidence from which a rational factfinder could have logically inferred and found beyond a reasonable doubt that Appellant knowingly possessed a controlled substance in a drug-free zone as charged in the indictment. Accordingly, because legally sufficient evidence supports Appellant's conviction for the charged offense, we overrule Appellant's sole issue on appeal.

## IV. *This Court's Ruling*

We affirm the judgment of the trial court.

W. STACY TROTTER

JUSTICE

September 23, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.